## Piper *versus* White *et al.*

1. It is the duty of a party in making an offer of evidence to state its purpose in such manner that the court may perceive its relevancy.

2. A defendant having shown from the plaintiff's books a balance against himself, and a receipt for its payment, it was not error to permit the plaintiff to read the whole account in the same books as explanation.

3. A justice certified to a deposition, that the witness was duly qualified and examined, and that he subscribed the deposition in the justice's presence. It must be presumed that the deposition was correctly taken and reduced to writing by the justice, or by his authority.

4. The mere fact that the handwriting of the deposition did not appear to be the justice's was insufficient to exclude it.

October 29th 1868. Before WOODWARD, C. J., THOMPSON, STRONG, READ and AGNEW, JJ.

Error to the Court of Common Pleas of *Cambria county :* No. 4, to October and November Term 1865.

This was an action of assumpsit, by A. M. & R. White, for the use of Thomas White, against William K. Piper, to December Term 1857, in which the plea was "non assumpsit and payment with leave, &c." The cause of action was a promissory note from defendant to plaintiffs, dated August 8th 1854, payable in ninety days, at the office of Bell, Johnston, Jack & Co., for $2500, endorsed by plaintiffs, and protested for non-payment.

On the trial, before Taylor, P. J., the plaintiffs gave the note in evidence and rested.

The plaintiffs' books were produced by them on call from the defendant.

The defendant gave evidence from the ledger of plaintiffs, showing a balance, April 7th 1854, against himself $2468.16. He also examined a banker, who testified that one of the plaintiffs had left at the bank, about April 10th 1854, a note of defendant to plaintiffs for $2500, falling due on the 13th of August, which was not paid, and was afterwards taken away by the plaintiffs. He gave evidence of a sale to plaintiffs, January 24th 1855, of wood, amounting to $2202.75 ; June 28th 1855, of mules and harness, amounting to $800 ; also an order on the wood inspector on the Portage Railroad, as follows :—

"Ebensburg, January 24th 1855.

"William Bolsinger, Esq. :—

"Please make out a certificate for my wood in my name, and

[Piper v. White.]

give to A. M. White, who is authorized to *receipt the bill in my name*, and you will oblige,

"Yours, truly,                  WILLIAM K. PIPER."

Endorsement.—" I do certify that I gave A. M. and R. White a certified bill for thirteen hundred and thirty-five cords of wood, for use of William K. Piper, at one dollar and sixty-five cents per cord, as to his order within.

"WILLIAM BOLSINGER,
"February, 1855.          "Wood Inspector, A. P. R. R."

Also, a receipt from plaintiffs to defendant, June 14th 1854, for $1500, " on account;" a due-bill, September 11th 1854, from plaintiffs to defendant for $198.54; note, June 27th 1854, from plaintiffs to defendant at four months, for 155.—Journal of " A. M. & R. White & Co.," containing this entry :—

"William K. Piper, Dr. Oct. 21, 1855, for note lifted, $155."

Ledger of same firm, showing, October 31st 1855, balance against defendant, $37.26 ; and also,

" A. M. & R. White, Dr. 31st Oct. 1855, to note 206."

Receipt, November 10th 1855, from A. M. & R. White & Co., to defendant for $37.26, " in full of balance of account."

The defendant then offered a receipt of plaintiffs of June 14th 1856 (the paper-book did not show its purport), and the journal of plaintiffs, with this entry :—

" Bills Receivable   Dr.
" To Wm. K. Piper, for his note at 4 months, dated 10th
    April 1854.   Due August 10th 1854,    .    .    $2500"
And the ledger of plaintiffs with this entry :—

" Bills Receivable.
" 1854. April 1.   By William K. Piper,   .    .    $800"

" It being contended that the entries in the books are sufficient to warrant the jury in inferring that the note in suit is a renewed note and for a previous indebtedness." The offer was rejected and a bill was sealed by the judge.

Defendant further gave some evidence that the note in suit was given for wood ; also cash account in plaintiffs' books, " showing that this note is not charged with any of the proceeds of the note of April 10th 1854."

In rebuttal the plaintiffs offered the books of A. M. & R. White & Co., the same books given in evidence by defendant. The books show that defendant is credited there with the mules, and the note of A. M. & R. White for $155, which are included in the balance of $37.26.

The offer was objected to, but the evidence was received and a bill sealed by the judge.

The plaintiffs further offered the following certificates from the auditor-general's office, dated August 22d 1855 :—

[Piper *v.* White.]

1. Bill in favor of the defendant against the Commonwealth, dated June 2d 1854, for 1000 cords of wood delivered at Station No. 6, on Portage Railroad, in March, at $1.65 per cord, with receipt of defendant for $1650, "the amount of the above bill in full."

2. Bill same against same, dated June 13th 1855, for 754 cords of wood, delivered at Station No. 3, on Portage Road, in January, with receipt of defendant for $1244.10, "the amount of the above bill in full.

3. Bill same against same, dated June 22d 1855, for 1000 cords of wood, delivered at Station No. 6, on the Portage Railroad, in April 1855, with receipt of defendant for $1650, "the amount of the above bill in full."

4. Certificate of canal commissioners, October 27th 1857, to the state treasurer, that there was due to defendant $3300 for wood delivered by him on the Portage Railroad, according to his claim, dated June 8th 1855, and the receipt of defendant to state treasurer for $3300, "the amount of the above certificate in full."

The defendant objected to the offer, but the evidence was received and a bill sealed by the judge.

The plaintiffs gave evidence that A. White, one of them, had delivered all the wood for one year, 1854 or 1855, at Station No. 6 on the Portage Road; and was taking wood to No. 4 "all the time;" that the defendant got out wood there; that White owned land there; that at an investigation before the canal commissioners A. White, at the request of the defendant, testified that he had got 2000 cords of wood from White.

The plaintiffs offered the deposition of J. O'Friel.

The notice of the rule was, that the deposition would be "taken at the house of Margery O'Friel, * * * before John Gorley, Esq., a justice, &c., or before some other competent authority."

The certificate was:—

"I certify that the above witness was duly qualified and examined at the time and place stated in the caption, and subscribed his deposition in my presence, having remained at the house of Margery O'Friel, from 6 until 9 o'clock P. M.

"GEO. B. BOWERS, Justice of the Peace."

The defendant objected to its reception because of insufficient notice; because not in the handwriting of the justice, and because he had not certified that the witness was *examined* in his presence.

The objections were overruled, the deposition admitted and a bill sealed by the judge.

On the 11th of December the jury found for the plaintiffs. $2967.64. December 3d 1862, judgment was entered on the

[Piper v. White.]

verdict. January 5th 1863, a scire facias on the judgment was issued against the defendant, "with notice to all terre-tenants." September 8th 1863, there was a verdict on the scire facias for plaintiffs for $3455.44. November 21st 1864, a writ of error by the defendant Piper to the *original judgment* was filed. December 15th 1864, judgment was entered on the verdict on the scire facias, a fi. fa. issued to March Term 1865, and real estate levied on and condemned, &c.

Six errors were assigned to the rulings of the court on the questions of evidence.

The 7th assignment was :—

"The writ of error having been filed in the Court below, on the 21st November, 1864, it was error to enter judgment in the scire facias suit on the 15th December following ; to issue fi. fa. thereon, two days afterwards, upon which the real estate of the defendant was levied on the 24th January, and condemned on the 13th March 1865."

*G. M. Reade*, for plaintiff in error, cited Wilt v. Snyder, 5 Harris 77 ; Kiester v. Miller, 1 Casey 481 ; Heffner v. Wenrich, 8 Id. 423 ; Wenrich v. Heffner, 2 Wright 207 ; McDowell v. Tyson, 14 S. & R. 300 ; Wrenshall v. Cook, 7 Watts 464 ; Jackson v. Clymer, 7 Wright 79 ; McQuaide v. Stewart, 12 Id. 198 ; Ulrich v. Berger, 4 W. & S. 19 ; Gable v. Parry, 1 Harris 181 ; Worman v. Boyer, 14 S. & R. 212 ; Gracy v. Bailee, 16 Id. 126 ; Budden v. Petriken, 5 Watts 286 ; Curren v. Crawford, 4 S. & R. 3 ; Keim v. Rush, 5 W. & S. 377 ; Phila. Bank v. Officer, 12 S. & R. 49 ; Ridgway v. Farmers' Bank, Id. 262 ; Lacy v. Arnett, 9 Casey 174 ; Addleman v. Masterson, 1 Pa. R. 451 ; Patterson v. Patterson, 2 Id. 200 ; Swearingen v. Pendleton, 3 Id. 41 ; Armstrong v. Burrows, 6 Watts 267 ; Carmalt v. Post, 8 Id. 410 ; Grayson v. Bannon, Id. 524 ; Stonebreaker v. Short, 8 Barr 155 ; McEntire v. Henderson, 1 Id. 402 ; Stat. 16 & 17 Charles II., cap. 8, Anno 1664, Roberts' Dig. 40, 41, 42 ; Act of June 16th 1836, § 8, Purd. 411, pl. 15, Pamph. L. 762 ; Frantz v. Kaser, 3 S. & R. 395 ; 1 Tr. & H. Pract. 608 ; Power v. Frick, 2 Grant 307 ; Sheerer v. Greer, 3 Whart. 14 ; 2 Tidd's Pract. 1090 ; Bacon's Abr., tit. *Scire Facias* A. ; Irwin v. Nixon, 1 Jones 419.

*R. L. Johnston*, for defendants in error.

The opinion of the court was delivered, November 14th 1867, by AGNEW, J.—The offer of the receipt and books set forth in the 1st assignment of error, was for the purpose of showing that the note in suit had been given for a previous indebtedness ; but what bearing this fact had on the recovery of the note, the bill does

[Piper *v.* White.]

not inform us. It was of no consequence what had been the consideration of the note without an offer of some evidence which would exhibit a defence growing out of the fact that the note had been given for a former debt. As the offer stood before the court it seemed to be irrelevant, and we cannot say the court committed a positive error in its rejection. It is the duty of a party in making an offer of evidence to state its purpose in such manner that the court may perceive its relevancy.

The admission of the entries in the plaintiff's books was for the purpose of explaining, by the production of the whole account, the relation of the items in it read by the defendant. The defendant having shown the balance resulting from these items, and a receipt for the balance of the account, there was no error in permitting the plaintiff to read the whole account in the same books as a matter of explanation. The admission of the evidence extended no further. This disposes of the 2d, 3d and 4th errors.

The 5th assignment of error is not sustained. There was some tendency in the vouchers from the auditor-general's office to rebut the order for wood given by Piper to the Whites by showing that he had received the money himself from the Commonwealth for the wood furnished by him. Whether the bills rendered were for the same wood upon which Piper drew his order in favor of the Whites, was a fact which the court was not bound to determine, but might submit to the jury.

We perceive no error in receiving the deposition of J. O'Friel, taken before George B. Bowers, Esq. The justice certified that the witness was duly qualified and examined, and that he subscribed the deposition in his presence. It must be presumed the deposition was correctly taken and reduced to writing by the justice or by his authority. The mere fact that the handwriting in the body of the deposition does not appear to be that of the justice, without some proof to rebut the presumption of regularity arising from the certificate, was insufficient to exclude it.

The writ of error in this case was taken to the original judgment, and not to the scire facias.

If the writ operated as a supersedeas, which we do not determine, though the probability arising from lapse of time is against it, the plaintiff in error could have moved the court below to arrest the proceedings upon the scire facias. Without any step so taken, we will not now inquire into the regularity of the proceedings upon the scire facias.        The judgment is affirmed.