# Joseph Entwisle, Impleaded, etc., Plff. in Err., *v.* C. Davis Carey et al.

In an action on a promissory note, signed by the firm of A & Son, where a question as to the existence of the partnership between A and B was raised, the court told the jury that the note was signed by A and B. *Held,* that this mistake could not have misled the jury as they could see by inspection that the signature could have been by one only of the firm.

(Argued February 9, 1888.    Decided February 20, 1888.)

January Term, 1887, No. 307, E. D., before PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ.    Error to the Common Pleas of Delaware County to review a judgment in favor of the plaintiffs in an action of assumpsit.    Affirmed.

This action was brought by C. Davis Carey, Theodore C. Carey, and William H. Grevemeyer, trading as Carey Brothers & Grevemeyer, against John L. Entwisle and Joseph Entwisle, trading as John L. Entwisle & Son, on certain promissory notes payable to the plaintiffs. The facts were similar to those in Entwisle v. Mulligan, *ante,* 417.

The defendants presented, *inter alia,* the following point:

2. There can be no recovery in this case unless the plaintiffs have satisfied you that the debt due them was contracted on the faith of Joseph Entwisle being a partner of the firm of John L. Entwisle & Son, and that credit was extended to him as such.

*Ans.* I decline to affirm that point. If the plaintiffs had no notice of the actual agreement between the partners, with all its essential parts, the defendant, Joseph, is liable, although credit might not have been given wholly because he is a member of the firm. This suit is based wholly upon notes, not upon a book account. A note is a contract in itself. The notes are signed in the firm name. The notes are signed by John and Joseph. The notes are a liability in themselves. The whole question with you, therefore, is one of notice.

Verdict and judgment for plaintiffs.

The assignments of error specified the answer to defendant's point as above, and other matters similar to those specified in Entwisle v. Mulligan, *ante,* 417.

*O. B. Dickinson* for plaintiff in error.

*J. B.* and *J. H. Hinkson* and *H. E. Garsed* and *R. B. Bayly,* for defendants in error.

Per Curiam:

This case is ruled by Entwisle v. Mulligan, *ante,* 417, just decided. The facts are almost identical. The only serious difference between the cases is the answer of the court to the defendant's second point when the learned judge told the jury that "the notes are signed by John and Joseph." This was not strictly accurate. The notes were signed in the firm name. It could not have misled the jury, however, as they could see by inspection of the note that it was in the firm name, and that the signature therefore could have been by one only of the firm.

All that the court meant, and all the jury could have understood, was that the note bore the signature of the firm.

Judgment affirmed.