## C. E. Hallowell, Trading as Hallowell & Co., Appellant, *v.* Henry Lierz.

*Contract—Parol evidence to vary written instrument.*

A written contract to insert an advertisement in a theater programme contained on its face these words: " The publishers are not bound by any agreement other than that expressed on the face of this contract." It also contained these words: " No verbal agreement recognized." In an action to recover the contract price for the insertion of the advertisement, defendant testified that the plaintiff's agent promised to send him two theater tickets every week, and said that he could change the advertisement whenever he wanted to. Defendant also testified that when he called the attention of the agent to the omission of these provisions in the written contract, the latter replied that he was the " boss of the programme," and " I am the man who is running this business." *Held*, that the defendant's evidence as to the statement made by plaintiff's agent was inadmissible as a defense to the suit.

Argued April 4, 1895. Appeal, No. 300, Jan. T., 1895, by plaintiff, from judgment of C. P. No. 3, Phila. Co., June T., 1894, No. 1314, on verdict for defendant. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit on a contract in writing. Before FINLETTER, P. J. The contract upon which suit was brought was as follows:

" *The publishers are not bound by any agreement other than that expressed on the face of this contract.*

" PHILADELPHIA, August 7th, 1893.
" HOLLOWELL & Co., Publishers, 125 South Third Street:
" *No verbal agreement recognized.*
" Insert my advertisement in the National Theatre Programme to occupy space of one inch, D. C. 4th page, for forty

open weeks, for which I agree to pay two dollars each week, payable every four weeks on presentation of this contract.

" Commencing August 12th, 1893.

" Name, HENRY LIERZ,

" Address, 413–415 N. Tenth Street.

" *No agent is authorized to make collections on account of this contract.*"

The execution of the contract was admitted, but defendant testified that when he was called upon by plaintiff's agent, Mr. Hart, for the purpose of procuring the contract, Hart said that he was the " boss " of the programme, and that if defendant would give him the said contract he would, every week, give the defendant two tickets for the theater, and send him copies of the programme, and that he could change his advertisement whenever he wanted to.

The court charged as follows:

The contract between the parties in this case is in writing and, therefore, binding and conclusive upon both parties, and neither plaintiff nor defendant has a right to offer evidence to change or annul a contract that is in writing.

[The defense in this case that is set up is this, that at the time the contract was entered into there were such representations made by the agent as to induce the defendant to believe that he was the one—that he was the contracting party. Well, of course, if that is so, anything that he said at that time would be binding upon his principal.] [1] In other words, [if he said and did that which made the defendant believe and understand and act upon the idea that he was the party interested—that he was the principal—his principal is responsible for that. On no other condition than that would evidence be permitted to contradict that contract;] [2] so that if you come to the conclusion that the agent did not fraudulently represent himself as the principal, you need inquire no further, because the evidence which has been introduced in relation to that ought not and must not affect this contract.

On the other hand, [if you should find that the defendant believed the agent to be the principal in the transaction, then, of course, you have a right to consider the evidence which has been offered upon that subject relating to this contract.] [3]

[At that time, if there were representations which made certain conditions, and they were not carried out, then, of course, the defendant had a right to rescind the contract, and to give notice that he would not require the advertisement to be inserted any longer.] [4]

It is very important, however, in considering the whole case, that you should consider whether the defendant acted upon what he says was his belief, and that is that the agent was the principal in this transaction. If in any way, by letter, by conversation, or in any other way, he recognized the principal as principal and the agent only as agent, then, of course, your verdict should be for the plaintiff.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*J. Martin Rommel*, for appellant.—No contemporaneous oral agreement can be shown to vary a written contract except in case of fraud, accident or mistake in the procuring thereof, or unless it can be shown that such oral agreement induced the signing of the contract, and that without it the contract would not have been signed, which would make the subsequent enforcement thereof a fraud, and that such an oral agreement can only be established by the testimony of two witnesses, or by one witness corroborated by circumstances equivalent to another. Thomas v. Loose, 114 Pa. 35.

*J. Campbell Lancaster* and *William Henry Lex*, for appellee.

OPINION BY Mr. JUSTICE GREEN, November 4, 1895:

The defendant resists payment of the plaintiff's claim because he says the plaintiff's agent promised to send him two theatre tickets every week, and said that he could change his advertisement whenever he wanted to. This was not contained in the written contract and the defendant testified that when he called the attention of the agent to the omission, the latter replied that he was the " boss of the programme," and " I am the man who is running this business." It is apparent therefore that the omitted part of the contract was not left out of the instrument by any mistake, or by any fraud. The defendant knew

it was not in before, and at the time, he signed it, and he accepted the agent's assertion that he was the " boss " as a sufficient provision for the absence of the omitted term of the contract.  But the contract contained on its face in plain words a positive notice that " the publishers are not bound by any agreement other than that expressed on the face of this contract ; " also the words " No verbal agreement recognized." And the contracting parties were " Hallowell & Co., Publishers," and " Henry Lierz."   The contract was a direction to Hallowell & Co., signed by Lierz, to insert his advertisement in the National Theatre Programme for forty weeks at two dollars a week. The defense was that the agent who made the contract said he was the " boss of the programme," and that he agreed to send the defendant two theater tickets weekly and that the defendant might change his advertisement whenever he wished, nothing of which appeared in the contract, and the whole of which was supported only by the oath of the defendant and flatly contradicted by the other party.   To allow such a defense to prevail against such a contract, and in the circumstances stated by the defendant, would be simply to revolutionize the law as to the alteration of written instruments by parol as it has been settled by all our modern cases.   In Thomas v. Loose, 114 Pa. 35, we refused to permit just such a defense to be made to a written contract, which contained a similar notice to the one appearing on this instrument.   In an elaborate opinion by our late brother TRUNKEY the whole subject was reviewed carefully, and the judgment was reversed because the court below had permitted the parol testimony to go to the jury in circumstances very like the present.   The assignments of error are all sustained.

Judgment reversed and new venire awarded.