# Germantown Dairy Company *v.* McCallum, Appellant.

*Contract—Written contract—Change of terms—Evidence—Parol evidence.*

1. It is always competent for the parties to a written contract to show that it was subsequently abandoned in whole or in part, modified, changed, or a new one substituted. And this may be shown by parol, by showing either an express agreement, or actions necessarily involving the alterations. Where the effort is not to contradict the terms of a written contract, but merely to show a subsequent modification, or waiver of something provided for in the contract, while the burden is upon the party asserting the charge, all that is required is that the evidence in support of the claim should be convincing to the jury.

2. Where a written contract for the sale of a business plant consisting exclusively of personal property also provides for the transfer of an unexpired portion of a lease to the purchaser, and the latter in a suit against him for the purchase money sets up as a defense that the lease had not been transferred to him, the seller may show that he had offered to make the transfer of the lease, that the purchaser had positively refused to accept the transfer, that he then made no further effort to transfer the lease, and that later on when the defendant requested the transfer it was out of the seller's control through no fault of his, by reason of the change of ownership of the leased premises. Such evidence if believed by the jury is sufficient to sustain a verdict for the plaintiff.

*Evidence—Offer—Relevancy.*

3. It is always the duty of a party making an offer when its admissibility is challenged, to state the purpose in such manner that the court may perceive its relevancy. If such an offer is not apparently relevant, and no explanatory statement is made, the party making the offer cannot, on appeal, complain of its rejection.

*Corporations—Foreign corporations—Registration—Act of April 22, 1874, P. L. 108.*

4. It is not a requirement of the Act of April 22, 1874, P. L. 108, relating to foreign corporations, that the registered agent of the corporation shall stand in any other relationship than its agent upon whom process may be served.

5. Where the agent is a stockholder of the company, and also its secretary and treasurer, the fact that he has parted with his interest and resigned his offices, does not end his agency, but he still remains the agent of the company for the service of process.

Argued Jan. 7, 1909. Appeal, No. 153, Jan. T., 1908, by defendant, from judgment of C. P. No. 5, Phila. Co., March T., 1904, No. 4,483, on verdict for plaintiff in case of Germantown Dairy Company v. Irving McCallum. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit to recover the purchase price of personal property. Before MARTIN, P. J.

The facts are stated in the opinion of the Supreme Court.

When the defendant was on the stand he was asked this question:

"Q. Will you state whether it was or was not better adapted for carrying on your business than this place on Germantown road?"

Objected to. Objections sustained. Exception for defendant. [1]

"Q. How did the property on Harvey street compare with the property you have been occupying before as to size?"

Objected to. Objections sustained. Exception for defendant. [2]

"Q. How did the property on Harvey street compare with the property which you had been occupying as to facilities with which to carry on the business?"

Objected to. Objections sustained. Exception for defendant. [3]

Defendant .presented these points.

1. The plaintiff having admitted that it was registered as a foreign corporation at Harrisburgh, with its place of business designated as 109 Harvey street, Philadelphia, and the person in charge of the said business as John C. Nolan, and having admitted that John C. Nolan ceased to have any connection with the company about the first day of January, 1904, except as he still held the position of secretary and treasurer, from which he had not resigned because there was no meeting of the board of directors, and having further admitted that he was in no way connected with the business and did not go to the place of business after January 1, 1904, and the contract in this case having been made by the plaintiff on January 16, 1904, it was made without authority of law, because the plaintiff had not at that time complied with the provisions of the act of assembly which requires foreign corporations to be registered at the office of the auditor general at Harrisburg, and had at that time no authorized agent in charge of its business in this state. *Answer:* Refused. [4]

2. If the jury believe that John C. Nolan, the person named in the certificate of registration of the Germantown Dairy Company as the agent thereof in charge of its business at 109 Harvey street, was not in charge of its business on January 16, 1904, and that no person in charge of its business had at that time been designated by the company as the authorized agent of the company, and that the Germantown Dairy Company had not at that time filed any amendment to its original registration certificate, which stated that John C. Nolan was the authorized agent, then the plaintiff had no standing in law to execute the contract upon which suit is brought and cannot enforce the same, and the verdict must be for the defendant. *Answer:* Refused. [5]

3. The contract sued upon is an entire contract, and in order to. entitle the plaintiff to a verdict, he must prove entire performance or a waiver of entire performance by the defendant. *Answer:* Refused. [6]

4. Even if the jury believe the testimony of Mr. Penrose that the defendant, on January 16, 1904, stated that he did not want the lease transferred, there was no consideration for this waiver of entire performance by the defendant, and when the defendant afterwards demanded from the plaintiff that the lease should be assigned and transferred to him, it was the duty of the plaintiff to transfer and assign the same, and if the jury believe, from the evidence, that they did not transfer the lease and did not attempt to transfer the lease to the defendant, or attempt to secure the consent of the landlord, to an assignment of the lease, unless they were prevented from doing so by some action of the defendant, then there has been such a breach of the contract upon the part of the plaintiff as precludes him from recovery, and the verdict must be for the defendant. *Answer:* Refused. [7]

6. Under all the evidence the verdict must be for the defendant. *Answer:* Refused. [8]

The court charged in part as follows:

[If on the other hand, McCallum did release Penrose from his obligation to transfer that lease, and Penrose complied with the terms of the contract in all other respects, then the plaintiff is entitled to the amount unpaid.] [9]

[The contract, among other things, included a transfer of the lease. It is what is called an entire contract; that is, Penrose cannot require the payment of the money unless he specially performs his part of the agreement, unless you are satisfied that McCallum waived part performance of the agreement, without further charging the jury as to what would constitute a legal waiver by the defendant of performance of that part of the agreement in reference to the lease.] [10]

Verdict and judgment for plaintiff for $2,394.60. Defendant appealed.

*Errors assigned* were (1–3) rulings on evidence, quoting the bill of exceptions; (4–10) above instructions, quoting them.

*E. O. Michener,* for appellant.—This provision of the constitution and the word "therein" in the act of assembly can only

be construed to mean that the authorized agent or agents shall be in or at the known place of business: De La Vergne Refrigerating Machine Co. v. Kolischer, 14 Pa. Dist. Rep. 521.

There was no proper agent at the time the writ issued: Phœnix Silk Mfg. Co. v. Reilly, 187 Pa. 526; Wall Paper Co.'s App., 15 Pa. Superior Ct. 407.

The court failed to charge the jury that in order to vary the terms of the contract the evidence must be clear, convincing and without doubt, and he should have further charged the jury that as the only testimony upon the point was that of the plaintiff, which was absolutely contradicted by the defendant, the agreement should be their guide: Wilkinson v. Becker, 155 Pa. 194; Phillips v. American Cement Tile Mfg. Co., 220 Pa. 141.

Such a release is not good without consideration: Lantz v Ins. Co., 139 Pa. 546; Marvin v. Ins. Co., 85 N. Y. 278; Beech v. Kuder, 15 Pa. Superior Ct. 89; Mt. Holly Water Co. v. Mt. Holly Springs Borough, 10 Pa. Superior Ct. 162; Work v. Prall, 26 Pa. Superior Ct. 104.

It is respectfully submitted that the learned trial judge was in error in rejecting the testimony as set forth in the first, second and third assignments of error: Reyenthaler v. Philadelphia, 160 Pa. 195; Potter v. Gas Co., 183 Pa. 575.

*William A. Carr*, with him *W. Horace Hepburn* and *Sidney L. Krauss*, for appellee, cited as to the question of registration: De La Vergne Refrigerating Machine Co. v. Kolischer, 214 Pa. 400; Delaware River Quarry, etc., Co. v. Ry. Co., 204 Pa. 22; McManus Contracting Co. v. McFadden, 33 Pa. Superior Ct. 355; American Steel & Wire Co. v. Raleigh Coal & Coke Co., 10 Pa. Dist. Rep. 285.

Cited as to the question of the waiver of change of agreement relating to the transfer of the lease: McNish v. Reynolds, 95 Pa. 483; Flegal v. Hoover, 156 Pa. 276; Dreifus, Block & Co. v. Salvage Co., 194 Pa. 475; Hyde v. Kiehl, 183 Pa. 414; Trumbower v. Woodley, 26 Pa. Superior Ct. 249.

Cited as to the admissibility of the evidence excluded by the trial judge: Auberle v. McKeesport, 179 Pa. 321; Seifred v.

Penna. R. R. Co., 206 Pa. 399; Philadelphia v. Dobbins, 24 Pa. Superior Ct. 136.

OPINION BY MR. JUSTICE STEWART, March 1, 1909:

The plaintiff, a foreign corporation doing business in Germantown in this state, by written article of agreement sold to the defendant its business plant consisting exclusively of personal property. It was provided in the agreement that plaintiff would assign and transfer to defendant any unexpired portion of the lease of the premises plaintiff had been occupying in its trade. The action was brought to recover so much of the price as remained unpaid. One of the defenses set up was failure on part of plaintiff to transfer the lease, in consequence of which, the defendant after a short occupancy of the premises was dispossessed by the landlord. In reply, Penrose, the president of the plaintiff company, testified that immediately upon the execution of the contract, while he and the defendant were on their way to obtain the lease and effect a transfer of the same, the latter, having learned from the witness that the dairy company had done no retail and but very little wholesale trade on the premises, expressed unwillingness to take over the lease, giving as a reason that being engaged in like business at another stand, he could there accommodate himself, and thus avoid the paying of rent; that thereupon, instead of going to the lessor to have the lease assigned, they went directly to the company's place of business, where all the property included in the contract was delivered over to the defendant, who at once entered into possession of the premises as well. This witness testified that defendant made no request thereafter to have the lease assigned to him, until after a sale of the premises had been made by its lessor and a transfer of the lease had been made impracticable, because of the new landlord's refusal to assent to the same. The defendant's testimony was directly to the contrary of all this. We have thus the one question of fact which was submitted to the jury. The finding was in favor of plaintiff's contention. It is complained on appeal, first, that the court failed to instruct the jury that in order to vary the terms of the contract, the evidence must be clear,

and convincing beyond doubt; and that as the only testimony on the point was that of plaintiff's president and the unqualified denial of defendant, the agreement should be the jury's guide; and, second, that the alleged waiver being without consideration could not avail plaintiff. As to the first, a sufficient answer would be that it is an incorrect statement of fact. There was testimony in the case supporting and corroborating that of the president of the company. It was for the jury to say what credit they would give it. But it is incorrect in law as well. This was not an attempt to vary or contradict the terms of the written contract. The evidence was not offered to show that the contract did not correctly express what the parties had agreed upon; or a parol contemporaneous agreement modifying it in any way. The purpose was to show a subsequent waiver of a stipulation in the contract which admittedly expressed the common understanding and agreement of the parties. In disposing of a similar complaint in Holloway v. Frick, 149 Pa. 178, where the facts were not unlike those we have here, this court said: "It is claimed that as no fraud or mistake is alleged, it was not competent to vary this contract by parol evidence. The principle, however, has no proper application to the present case. It is always competent for the parties to a written contract to show that it was subsequently abandoned in whole or in part, modified, changed, or a new one substituted. And this may be shown by parol, by showing either an express agreement, or actions necessarily involving the alterations." Where the effort is to contradict the terms of a written contract, the measure of proof is as stated by appellant; but where it goes no further than to show a subsequent modification, or waiver of something provided for in the contract, while the burden is upon the party asserting the change, all that is required is that the evidence in support of the claim should be convincing to the jury.

Nor is the question of consideration for the waiver in the case. No express release from covenant obligation was asserted. The plaintiff's contention was that his readiness and offer to perform his obligation were met with defendant's positive refusal to accept; that he had a right to rely on what

defendant said as to his unwillingness to take over the release; that relying on it, he made no effort to transfer the lease; and that later on when defendant requested a transfer, it was out of plaintiff's control, through no default of his. The jury found this to be a true statement of the facts. That they are sufficient in equity to estop the defendant from asserting plaintiff's failure to assign the lease as a defense to an action for the purchase money, is beyond question.

In the aspect it is now presented the question asked by the defendant, when testifying in his own behalf as to how the premises owned by him compared in the matter of convenience and location with those under lease to the plaintiff, was entirely proper. The purpose, it now seems, was to show that the latter had important advantages over the former; with a view to derive from such fact an inference in support of defendant's denial that he had waived a transfer of the lease, and correspondingly prejudicial to the testimony of the plaintiff's chief witness. But why was not this purpose disclosed when the question was objected to on the trial? The relevancy of the question as it was there put, could not have been at once apparent. It is always the duty of the party making an offer, when its admissibility is challenged, to state the purpose in such manner that the court may perceive its relevancy: Piper v. White, 56 Pa. 90. Had this been done here, doubtless the question would have been allowed; for the court had previously permitted defendant to testify fully with respect to situation and convenience of the several premises, not by way of comparison, but by giving separate description of each. With this information before the jury, we do not see that the defendant was prejudiced to any serious degree by the court's action in sustaining the objection to this particular question. The argument addressed to us as to its relevancy should have been addressed to the court below, and not quite so much reliance placed on a mere exception to a ruling, the correctness of which was made to depend on an undisclosed purpose.

The plaintiff company produced on the trial a certificate of its registration in this state as a foreign corporation doing business here. The certificate set out the company's place of busi-

ness in the state, and the appointment of John C. Nolan as its authorized agent in charge of the company's business upon whom process might be served.   It appeared that some weeks before the contract of sale was entered into between the plaintiff company and the defendant, Penrose, who was president, had acquired all outstanding stock of the company, including that held by Nolan.   This left Nolan, who had been secretary and treasurer from the beginning, without active duties, and while he did not resign his office, he thereafter absented himself from the company's place of business.   It was insisted in the court below, and is here urged, that this left the company without an authorized agent in charge of its business upon whom process could be served, and that therefore the contract between these parties cannot be enforced.   But, as this court found occasion to say in the case of De La Vergne Refrigerating Machine Company v. Kolischer, 214 Pa. 400, speaking through Mr. Justice ELKIN, it is not a requirement of the Act of April 22, 1874, P. L. 108, relating to foreign corporations, that the registered agent of the corporation shall stand in any other relation to it than its agent upon whom process may be served.   Notwithstanding Nolan had parted with his interest in the company, or for that matter, had withdrawn or resigned from his place as secretary and treasurer, he remained the agent of the company for the purposes of process, and process served upon him as such agent would have been legal and valid as binding upon the company.   In the case referred to it is said, "To sustain the contention of appellant in this respect, it would be necessary to hold that a foreign corporation must not only have a place of business and an authorized registered agent, but to make the service of process legal and the business lawful, the registered agent must be physically present in the place of business when the process is served or the details of the business transacted.  Such a construction of the act is not only unnecessary to effectuate its purpose, but would surround it with restrictions and limitations never intended."   This answers every objection raised here, and no further comment is required.

The assignments of error are overruled and judgment affirmed.