Philadelphia Record Company *v.* Sweet et al.,
Appellants.

Argued October 21, 1936.

Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD,
PARKER, JAMES and RHODES, JJ.

*Joseph Blank,* for appellants.

*A. Arthur Miller,* with him *Fox, Rothschild, O'Brien & Frankel,* for appellee.

OPINION BY STADTFELD, J., December 21, 1936:

This is an action in assumpsit to recover the price of advertising under a written contract. On September 22, 1933, the defendants signed a contract, authorizing the plaintiff to insert in its newspaper, the advertisement of the defendants every other week for fourteen weeks. The contract provided, inter alia, as follows: "We further agree that this contract IS NOT SUBJECT TO CANCELLATION and guarantee to use the space in full upon the terms and on the days herein set forth, and guarantee to pay THE PHILADELPHIA RECORD COMPANY the full amount as contracted ......We are entitled to change copy each week if desired, and shall furnish copy not later than Thursday preceding day of insertion."

The execution of the contract was admitted. The affidavit of defense denies that the advertisement inserted by plaintiff was ever authorized or ordered by defendants or was inserted with the knowledge and consent of defendants. Defendants further aver under "New Matter" that the written agreement was executed on the faith of a contemporaneous parol agreement that defendants would submit their advertisement to plaintiff when they procured a certain contract with either the Marvel Carburetor Company or the Stromberg Carburetor Company with whom they were negotiating.

The case was tried before KNOWLES, J., without a jury, who found for plaintiff in the sum of $109.76. Motion for new trial and judgment n. o. v. having been dismissed, this appeal followed the entry of judgment.

Appellant assigns for error, the action of the trial judge in excluding the testimony of the defense set up under "New Matter" above referred to.

There was no contention or proof that defendants were prevented from inserting the alleged oral agreement into the written contract by fraud, accident or mistake. Moreover, the contract had on its face in large bold face type, the following clause: "No condition not written in this contract to be recognized." The alleged agreement falls squarely within the rule of Gianni v. Russell & Co., Inc., 281 Pa. 320, 126 A. 791. The language in the opinion of the court in banc, clearly expresses the effect of the admission of such evidence as follows: "Such an oral agreement is clearly inadmissible in this action. The written contract which was introduced into evidence and not denied by the defendant begins: 'You are hereby authorized to insert our advertisement in The Philadelphia Record,......There is absolutely no ambiguity in these words and it is impossible to contend that they do not contain a clear and unqualified authorization to insert the advertisement of the defendant. The effect of the alleged parol agreement would be to change the unequivocal authorization expressed in the written contract into a conditional authorization. In other words, the contract would be changed from 'You are hereby authorized......' to 'You are not authorized until we procure certain contracts with third parties......' " The trial judge properly excluded the evidence offered: Union Car Advertising Co. v. Young, 95 Pa. Superior Ct. 223; Lloyd & Elliott, Inc. v. Lang, 118 Pa. Superior Court, 190, 180 A. 74; Hallowell v. Lierz, 171 Pa. 577, 33 A. 344.

On behalf of plaintiff, the manager of its Business

Review Department testified that he ordered the insertion of the advertisement which appeared in plaintiff's publication, and saw a copy of the proof which was sent to the composing room; that there were fourteen insertions. There was no evidence that these insertions were prepared by defendants or approved by them before insertion.

On behalf of defendants, Mr. Wayne B. Sweet, one of defendants, testified that he did not draw the advertisements which were inserted or submit them to plaintiff, nor authorize anybody to do so.

As plaintiff was suing on a breach of contract, in that defendants failed to furnish copy for insertion, if plaintiff company prepared the advertisement, there should have been evidence of its submission to defendants before insertion. Plaintiff company's salesman who sold the contract, according to the record, was in court but was not called as a witness. The first assignment of error is therefore sustained.

The only other assignment of error that merits attention is No. 4: "in not allowing the defendants to make an offer of proof." This followed the ruling of the court sustaining an objection to the admission in evidence of an alleged conversation of one of the defendants with the representative of the Philadelphia Record at the time of the signing of the contract. The trial judge overruled the offer, stating, "I am basing my rulings upon the evidence Mr. Sweet has given. I know what you want to prove, but in view of Mr. Sweet's answers, the question becomes irrelevant and immaterial." While the court's ruling might be correct insofar as the offer might embrace testimony, the objection to which had already been sustained, non constat that the offer might not embrace other matters which would be admissible.

As held in *Scott v. Lindgren*, 97 Pa. Superior Ct., 483: "In the trial of a case where an objection to a question is sustained, it is essential to put in the record an offer

of proof of the relevant facts that it is desired to prove by testimony then available. The reviewing court can then consider both the relevancy of the evidence, and whether the refusal to receive it was harmful." This assignment of error must therefore be sustained.

Judgment reversed and new trial granted.