Cockcroft, Appellant, *v.* Metropolitan Life Insurance Company.

Argued October 6, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*G. C. Woodward,* with him *Albert L. Moise,* for appellant.

*Owen B. Rhoads,* with him *Dechert, Smith & Clark* and *Harry Cole Bates,* for appellee.

OPINION BY STADTFELD, J., December 20, 1938:

This is an action in assumpsit brought by plaintiff, the beneficiary named in four policies of life insurance issued by the defendant company upon the life of her husband, to recover the sum of $1,758 by reason of provisions contained therein granting double indemnity in the event of the insured's accidental death.

The case was first tried before the late Judge CRANE, sitting without a jury, and resulted in a finding for plaintiff. From the judgment entered on this finding, defendant appealed to this court, which, in an opinion by Brother RHODES, reversed the judgment with a venire: *Cockcroft v. Metropolitan Life Ins. Co.,* 125 Pa. Superior Ct. 293, 189 A. 687. The case was tried a second time before GLASS, J. and a jury on October 26, 1937, and resulted in a verdict for defendant. Thereupon, plaintiff filed a motion for a new trial, which was overruled. This appeal followed.

Under the accidental death benefit provisions of the policies, defendant company agreed to pay double indemnity, upon receipt of due proof that insured had sustained "bodily injuries solely through external, violent and accidental means, resulting, directly and independently of all other causes, in the death of the insured."

It was further provided, "No accidental death benefit will be paid if the death of the insured is the result of self-destruction, whether sane or insane, nor if death is caused or contributed to, directly or indirectly, or wholly or partially, by disease, or by bodily or mental infirmity."

At the trial of the case in the court below, the essential question of fact for determination was whether or not the death of the insured took place under the conditions set forth in the policies, so as to entitle the beneficiary to double indemnity.

The testimony indicates that on February 13, 1935, the insured had returned to his home from Temple University Hospital, where he had been for three weeks for observation and treatment. On the morning of February 16, 1935, he took breakfast in bed as he had done on the two preceding days, and came downstairs about 10:30 A.M. His wife and sister-in-law, Mrs. Berry, left the house about 11:30 to go on an errand. At the time, insured was sitting in his favorite chair in the living room reading the newspaper. About forty-five minutes after leaving the house, the two women returned and found the lower part of the house filled with gas. Rushing to the kitchen, Mrs. Cockcroft found her husband lying on one knee, his head on the floor, in front of the open oven-door of a gas range, one of the gas-cocks being open. Two doctors were summoned immediately, but upon their arrival, insured was dead.

Appellant assigns as error, the ruling of the court below, excluding from the evidence, the substance of the conversations which the deceased had with various persons a few hours before his death.

The proposition has been accepted in this state, that extra-judicial declarations made by a person who cannot be called as a witness, and relied upon solely to show an existing intention or state of mind of the declarant, are admissible in evidence as an exception to the rule of hearsay, provided such declarations appear

to have been made in a natural manner, not under circumstances of suspicion, and that they are material and relevant to the issue involved: Wigmore on Evidence (2d Ed.) Vol. 3, sec. 1725; *Com. v. Trefethen,* 157 Mass. 180; *Ickes v. Ickes,* 237 Pa. 582, 85 A. 885. In the latter case, the Supreme Court of this Commonwealth stated, at p. 591: "...... When the court determines in any case that a man's state of mind, or the reason why he did a certain act, is a relevant principal fact to be ascertained, that is the particular thing under immediate investigation, and what he may have said concerning it is usually the best and only evidence that can be obtained on the subject; but the proofs must always be restricted to declarations indicating the state of mind at the time of their utterance. When evidence of this character is produced, sufficient to show a then present intention, or state of mind, it may be assumed to have continued and formed the motive which controlled the doing of a subsequent act following closely thereafter, if under all the surrounding circumstances one would naturally associate the two together; and it is for the jury to draw the conclusion." The same case then decided that when a declaration containing both relevant and irrelevant matter is offered as a whole, the trial judge is not bound to separate the good from the bad, but may reject it all.

It appears, therefore, that not all declarations manifesting an existing intention or state of mind are admissible in evidence, irrespective of their materiality or relevancy. In the instant case, nothing in the record presents the substance of the excluded declarations. Appellant states, in the brief, that decedent, having been asked by his wife before going out whether he wanted anything for lunch, had replied that he would broil himself some lamb chops which were in the ice-box. This, apparently, was the evidence introduced at the first trial of the case, but not offered anew at the second trial.

Moreover, the record does not show that any offer of

proof had been made following the trial judge's ruling on the objection to the admission of the substance of the conversation; nor does it appear of record for what purpose such conversation was sought to be included. "It is always the duty of the party making an offer, when its admissibility is challenged, to state the purpose in such a manner that the court may perceive its relevancy: *Piper v. White,* 56 Pa. 90," *Germantown Dairy Co. v. McCallum,* 223 Pa. 554, 561, 72 A. 885. In the trial of a case, where an objection to a question is sustained, it is essential to put in the record, an offer of proof of the relevant facts that it is desired to prove by testimony then available. The reviewing court can then consider both the relevancy of the evidence and whether the refusal to receive it was harmful: *Scott v. Lindgren,* 97 Pa. Superior Ct. 483; *Phila. Record Co. v. Sweet,* 124 Pa. Superior Ct. 414, 188 A. 631. The state of the record in the instant case, would not warrant this court's holding reversible error had been committed by the rejection of the testimony relating to decedent's declarations.

Appellant's third assignment of error must be dismissed. No error is involved where, in order to avoid repetition of testimony, an objection to a particular question is sustained, the same or similar questions having already been answered: *Clifford v. City of Phila.,* 104 Pa. Superior Ct. 338, 159 A. 232.

The fourth assignment of error relates to the charge of the court, which instructed the jury in part, as follows: "You have in evidence the certificates of death, the proof of death, and claimant's statement, and the affidavit made by Mrs. Cockcroft before the Coroner in which it is stated that the cause of death was 'Inhalation of gas—suicide.' "

No such statement was made in the affidavit. Reference to the proof of death—claimant's statement and the certificate of death, both of which had been offered in evidence by appellant—discloses that in the proof of

death, sworn to by appellant, the cause of death is not stated. The only mention made is "See Certified copy," and in the certificate of death, the cause of death is stated as follows: "Carbon monoxide poisoning. Found in the kitchen of his home with gas oven burner turned on. Temp. deranged (suicide)."

Later in his charge, the trial judge discussed in detail both the proofs of death and the affidavit which appellant made before the coroner. This portion of the charge was strictly accurate, the earlier misstatement not having been repeated. Counsel for appellant took no exception to the charge of the court to which objection is now made nor did he call attention to the earlier misstatement of fact: *Com. v. Norris,* 87 Pa. Superior Ct. 66, p. 76; *Mastel v. Walker,* 246 Pa. 65, p. 71, 72, 92 A. 63.

The Supreme Court of this Commonwealth has held repeatedly that the charge must be considered as a whole, and unless, so considered, it is found to be misleading and prejudicial, there is no reversible error: *Walters v. W. & S. Life Ins. Co.,* 318 Pa. 382, 178 A. 499; *Senita v. Marcy,* 324 Pa. 199, 188 A. 153.

Moreover, the exhibits referred to by the court in its charge, including appellant's affidavit, were sent out with the jury. Having those exhibits before it, the jury could not have been misled by the trial judge's earlier misstatement of the contents of appellant's affidavit: See *Entwisle v. Carey,* 9 Sadler, 423.

The fifth and sixth assignments of error relate to the scope of appellee's cross-examination of appellant's witnesses. A careful review of the record fails to reveal any abuse of the trial court's discretionary power in its control of the scope of the cross-examination; nor does it appear that any matters strictly of defense were permitted to be introduced thereby.

The assignments of error are dismissed and judgment is affirmed.