Societa Palmolese di Protezione E Beneficenza *v.* Maiale et al., Appellants.

Argued November 13, 1940. Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Harry Siegel,* with him *Americo V. Cortese,* for appellants.

*Alphonso Santangelo,* with him *Harry M. McCaughey,* for appellee.

OPINION BY RHODES, J., January 30, 1941:

This is an action in trespass brought by plaintiff, an incorporated beneficial society, to recover some of its funds which it alleged had been expended by defendants without authority and in violation of the by-laws of plaintiff society, of which defendants were officers and members of the administrative council. The case was tried before BONNIWELL, J., sitting without a jury. The trial judge found in plaintiff's favor. Defendants filed motions for new trial and for judgment n.o.v., which the court in banc dismissed. From the judgment entered for the plaintiff on the finding, defendants have appealed.

Appellants assign as error rulings of the trial judge in sustaining appellee's objections to certain questions asked of appellants' witness. Appellants now contend that they were thereby prevented from showing the circumstances under which the money was expended by them and justification for the expenditure.

In February, 1937, appellants were the officers and members of the administrative council of appellee society. A movement was instituted at that time among its members to move the registered office of the society from Philadelphia, Pa., to Norristown, Pa. A majority

of the members desired to have the charter amended to make this change. At a meeting of the members or assembly, the president of appellee society, one of the appellants, refused to entertain a motion to take this action. A writ of mandamus was issued. Appellants retained an attorney, to whom they paid a fee of $450. On the evening of February 23, 1937, the administrative council made and authorized the payment. This action was an express violation of article 80 of the by-laws of appellee society, which provides: "The Administrative Council shall have full authority to administer from one cent to twenty-five ($25) dollars whenever it deems it necessary without the intervention of the Assembly." The check was paid February 23, 1937, prior to the authorization by the council for its execution and delivery. The evidence discloses that there was no authorization or valid subsequent ratification of the expenditure by the assembly. The registered office of appellee was later changed, by authority of the Court of Common Pleas, No. 3, of Philadelphia County, to Norristown, Pa.

The evidence supports the finding of the trial judge. Appellants established no actual or implied authority to make the expenditure or subsequent ratification by the assembly. The court below was of the opinion that appellants' acts did not constitute a mere error of judgment or an honest mistake which might be condoned, but were a direct violation of the by-laws governing appellee society and prescribing the powers of its officers and administrative council. Our examination of the evidence satisfies us that the court below took a proper view of the case. Appellants were bound to act within the scope of their powers, and they had no authority to change or modify the relation between themselves and the assembly. It is clear that appellants' acts were not fairly within the scope of the powers and discretion confided to them by the by-laws of appellee society (see *Spering's Appeal,* 71 Pa. 11, 24) ; and the record does not disclose

that appellants acted under any implied power to protect the interests of appellee.

The only material question which is presented to us is whether the rulings of the trial judge constitute reversible error, and require the granting of a new trial.

Appellants' witness was asked if he as president of appellee society had been served with a writ of mandamus; if he had been served with a petition to amend the charter of appellee society; if as president he consulted an attorney; and if he had talked or consulted with two certain attorneys. Objections were sustained. The trial judge's rulings are the subject of the fourth, fifth, sixth, seventh, and eighth assignments of error. That a party has been harmed is not necessarily shown by the fact that objection to his question was sustained; but it is often essential to put in the record an offer of proof of the relevant facts that it is desired to prove by testimony then available. The trial court may then consider the admissibility of the evidence, and the reviewing court can pass on its relevancy and whether the refusal to receive it was harmful. *Scott et ux. v. Lindgren,* 97 Pa. Superior Ct. 483, 487; *Cockcroft v. Metropolitan Life Ins. Co.,* 133 Pa. Superior Ct. 598, 602, 3 A. 2d 184. After the witness had been withdrawn and at the conclusion of the testimony of another, counsel for appellants stated that they wanted to show that appellee society, through its president, was served with a writ of mandamus, and that the president consulted two attorneys, and was advised that action must be taken to protect the interests of appellee, and that subsequently a petition to amend appellee's charter was filed and the president served with the petition, and that he consulted an attorney. The offer, if such, did not indicate any purpose to be accomplished by the submission of such testimony, or suggest that the evidence would, if introduced, rebut in any way that presented and relied upon by appellee. It was vague, incomplete, and lacking in form. However, the trial judge accepted

it as an offer of proof, and sustained the objections thereto. There was no further proof which would indicate the purpose of the offer. In making an offer when its admissibility is challenged, it is the duty of the party making it to state the purpose in a manner that the court may perceive its relevancy. *Piper v. White et al.*, 56 Pa. 90; *Germantown Dairy Co. v. McCallum*, 223 Pa. 554, 561, 72 A. 885; *Cockcroft v. Metropolitan Life Ins. Co.*, supra, p. 602. Appellants have not assigned this action of the trial judge as error; they rely on mere exceptions to the trial judge's rulings on the five questions asked of appellants' witness, the relevancy of which was not apparent.

The trial judge, under the circumstances, ruled correctly.

The assignments of error are overruled.

Judgment is affirmed.