## Stroh et vir v. Loose et al.

158

*Lewis F. Adler,* for plaintiff.

*Nauman, Smith, Shissler & Hall,* for defendant.

*Metzger & Wickersham,* for additional defendant.

NEELY, J., August 23, 1954.—Defendant in this trespass action by praecipe and complaint brought in additional defendant. Additional defendant filed an answer in the nature of new matter setting up a release from plaintiffs to additional defendant for the consideration of $1, attaching a copy of the release to her answer. The case is now before us on preliminary objections filed by defendant to additional defendant's answer setting up this new matter.

These preliminary objections are in the nature of (1) a motion to strike off the answer, and (2) in the alternative a motion for more specific answer in nature of new matter. By stipulation additional defendant and defendant have agreed that "a consideration greater than the One Dollar ($1.00) recited in the Release . . . was paid for the said Release . . .".

On August 12, 1953 plaintiffs filed their complaint in trespass in two counts, alleging that on December 12, 1952, at Second and Boas Streets in the City of Harrisburg, Elizabeth E. Stroh was injured when an automobile owned and operated by defendant collided with another car owned and operated by Mildred Zimmerman, Elizabeth E. Stroh being a guest passenger in the Zimmerman car. Plaintiffs' complaint averred that defendant was negligent.

Defendant filed an answer to plaintiffs' complaint on October 13, and on the same day by praecipe joined Mildred Zimmerman as additional defendant, claiming, inter alia, that Mildred Zimmerman was concurrently negligent and was "alone liable to the plaintiff, or jointly and severally liable with defendant . . . upon the cause of action declared upon by Elizabeth E. Stroh. Thereupon, additional defendant filed her answer in the nature of new matter setting forth that she had obtained the general release from plaintiffs.

Defendant maintains in support of his first preliminary objection in the nature of a motion to strike off the answer that:

"The answer in the nature of new matter filed by the additional defendant, Mildred Zimmerman, does not conform to law for the reason that it contains impertinent matter in that it alleges a release from plaintiff to the additional defendant which release is not competent as evidence in the trial of this action and is not a defense to any claim of the defendant against the additional defendant."

This case involves an interpretation of the Uniform Contribution Among Tortfeasors Act of July 19, 1951, P. L. 1130, 12 PS §2082. Defendant has also invoked our Rules of Civil Procedure in support of his first preliminary objection.

Prior to the Act of 1951 it was the well-recognized rule that a release of one joint tortfeasor operates as a release of all: Mason v. C. Lewis Lavine, Inc., 302 Pa. 472 (1931); Grubb v. Cooper and Jarrett, Inc., et al., 60 Dauph. 544 (1950); Thompson v. Fox, 326 Pa. 209, 212, 213 (1937); Smith v. Roydhouse, Arey & Company, 244 Pa. 474 (1914); Peterson v. Wiggins, 230 Pa. 631 (1911); Union of Russian Societies of St. Michael & St George, Inc., v. Koss et al., 348 Pa. 574, 577 (1944). This concept, however, was changed by the Act of 1951.

The Act of 1951 expressly provides that the right of contribution exists among joint tortfeasors. And in section 4 of that act it is set forth that a release by the injured party of one joint tortfeasor does not release the other tortfeasors unless the release so provides, but only reduces the claim against the other tortfeasors.

And section 5 of this act provides generally that such release by the injured person of one tortfeasor does not relieve that tortfeasor from liability to make contribution to another tortfeasor, unless provision is appropriately made in the release "for a reduction to the extent of the pro rata share of the released tortfeasor." These sections of the Uniform Contribution Among Tortfeasors Act read as follows:

"Section 4. A release by the injured person of one joint tortfeasor, whether before or after judgment, does not discharge the other tortfeasors unless the release so provides, but reduces the claim against the other tortfeasors in the amount of the consideration paid for the release or in any amount or proportion by which the release provides that the total claim shall be reduced if greater than the consideration paid.

"Section 5. A release by the injured person of one joint tortfeasor does not relieve him from liability to make contribution to another tortfeasor, unless the release is given before the right of the other tortfeasor to secure a money judgment for contribution has accrued and provides for a reduction to the extent of the pro rata share of the released tortfeasor of the injured person's damages recoverable against all the other tortfeasors."

In support of his first preliminary objection, defendant argues that it was improper for additional defendant in this case to plead this release in the nature of new matter because such pleading is con-

trary to the Rules of Civil Procedure. It must always be borne in mind that these rules, as their name clearly implies, do not relate to substantive matters, but are the rules by which parties are to proceed in actions at law and equity. The Uniform Contribution Among Tortfeasors Act of 1951, on the other hand, makes a substantive change in the law affecting the rights of both plaintiffs and defendants in an action in trespass involving joint tortfeasors.

Defendant argues that notwithstanding the substantive change made by the Act of 1951 (namely, that the release of one joint tortfeasor is not a release of all), the Rules of Civil Procedure preclude an additional defendant from setting up a release in his pleading for the purpose of having an adjudication by the jury at the trial of this case on matters pertaining to the operation and effect of the release. Defendant contends that Pa. R. C. P. 2255(*b*) precludes additional defendant from pleading the release in her answer in this case because it is a pleading between plaintiff and additional defendant not authorized in this rule, and hence is an improper pleading. This rule provides that:

"No pleadings shall be filed between the additional defendant and any party other than the one joining him except *that the additional defendant may file a counterclaim against the plaintiff.*" (Italics supplied)

Obviously, the purpose of this rule is to keep litigation within the bounds of the issues delineated in the pleadings of the original parties. In Goodrich-Amram Commentary, comment is made upon this rule as follows:

"These limitations on the pleadings are justified on the basis of the narrowing of the issues to be tried to those arising out of the factual background which gave rise to the plaintiff's cause of action in order

to reduce the issues in the action to a minimum of related issues."

It would, of course, be highly improper for this additional defendant to go far afield and by her answer introduce extraneous issues between herself and plaintiffs. The release here, however, does not introduce any extraneous issues. The answer pleading the release does not set forth a matter exclusively between plaintiffs and additional defendant contra rule 2255(b). Rather, the release presents important issues pertaining to contribution between defendant and additional defendant, as well as issues between plaintiffs and both of these defendants, namely, in any recovery by the injured party what deduction is to be made because of the amount actually paid for the release.

When additional defendant was joined, plaintiffs had the right to recover against her under rule 2255 (d) "alone or jointly with the defendant as though such additional defendant had been joined as a defendant and duly served and the initial pleading of the plaintiff had averred . . . liability." Once additional defendant had been joined under this rule, recovery was permitted against her either alone or jointly. In view of the status of additional defendant with respect to liability, she was entitled to the benefit of rule 1030, which in part provides:

"The defenses of . . . release . . . shall be pleaded in a responsive pleading under the heading, 'New Matter'."

We hold, therefore, that the answer pleading the release as new matter involves the rights of all parties to this litigation and is not merely a pleading between plaintiff and additional defendant. Additional defendant is not precluded under rule 2255(b) from filing this answer. We, therefore, do not sustain defendant's contention that under the procedural rules

the answer is an improper pleading between additional defendant and the plaintiffs.[1]

Defendant contends further in support of his first preliminary objection in the nature of a motion to strike off the answer that the release should not be pleaded because it is not competent evidence at the trial and should only be employed to control the entry of judgment and execution thereon after the verdict of the jury. It is the jury's function to find the facts in the case. It is entirely conceivable that there may be some disputed facts pertaining to the release. Would the court, after the entry of judgment, be obliged to hold ancillary proceedings to determine all the necessary facts pertaining to the execution of the release and its effect upon any verdict? This would seem wholly illogical.

The jury in its findings should dispose of any issue concerning the validity of the release. The jury can determine the consideration paid for the release and see to it that the amount paid for the release is deducted from any award against the other tortfeasors.

The jury can make its finding concerning the release and its operation by special verdict if the court feels that a special verdict is essential to protect the rights

---

[1] In Killian v. Catanese, 375 Pa. 593 (1954), plaintiff brought an action against the driver of another automobile who in turn joined as an additional defendant the driver of the car in which plaintiff was riding as a guest passenger. Additional defendant filed an answer to defendant's complaint and under the heading of "New Matter" alleged a release given by defendant to additional defendant. Plaintiff was not a party to the release. The release discharged additional defendant from all actions and claims and all liability whatsoever, particularly arising out of the accident in question. The lower court entered a judgment in favor of additional defendant on the pleadings. The Supreme Court affirmed in a per curiam opinion. Here the practice of pleading a release of an additional defendant under the heading "New Matter" would seem to have been approved where the release was given by defendant to additional defendant.

of all parties. Or, on the other hand, the court can determine whether the jury should be allowed to dispose of the matter by a general verdict under appropriate instructions from the court.[2] If the parties see fit to do so, they can at the trial, with the consent of the court, put on the record by stipulation the essential facts concerning the release and its effect at the trial.

We feel that it would be improper to try a case that involves the execution of the release of one joint tortfeasor without any reference in the record at the trial to the fact that such release was executed. Since this is a matter that in our judgment must be dealt with at the trial in some appropriate manner, it is correct to plead the release in additional defendant's answer.

We think that our conclusion that the release here should be pleaded and dealt with at the trial is in no respect in conflict with Judge Follmer's decision in Fleck v. Marzano et al., 108 F. Supp. 556, 557 (1952). This was an action in Federal court in the middle district of Pennsylvania against alleged joint tortfeasors for damages growing out of an automobile accident, and Judge Follmer, on plaintiff's motion dismissed the action against a defendant with whom plaintiff stated she had arrived at terms of settlement.

The action was dismissed with prejudice, Judge Follmer holding that because of plaintiff's motion there remained only the question of contribution to be determined between the alleged joint tortfeasors. The

---

[2] The jury would not, of course, include in its verdict a money award for contribution since such award would be contrary to the provisions of section 2 of the Uniform Contribution Among Tortfeasors Act, 12 PS §2083, which provides:

"(2) A joint tortfeasor is not entitled to a money judgment for contribution until he has by payment discharged the common liability or has paid more than his pro rata share thereof;"

release was included in the record and Judge Follmer stated that "an examination thereof shows it to be in compliance with the requirements of the act." It is sufficient to point out that in Fleck v. Marzano et al., plaintiff herself sought discontinuance of the action against the released joint tortfeasor, leaving open only the question of the released tortfeasor's liability for contribution. Whereas in this case defendant seeks to retain additional defendant as a party in the proceeding and at the same time deny the competency of important testimony of additional defendant at the trial.

It is entirely understandable that where a plaintiff asserts the execution of a release, there should be no further proceedings by plaintiff against the released tortfeasor. Further proceedings by plaintiff against the released tortfeasor would be, as Judge Follmer pointed out, "an unwarranted burden upon the party who has seen fit to settle his liability."

But where "the party who has seen fit to settle his liability" has, nevertheless, been brought in by defendant as an additional defendant, surely he should be permitted to set forth a release which challenges the extent of his liability. The very controversy here precipitated by defendant over the amount paid for the release shows clearly the importance of having the jury determine the amount paid for the release and the circumstances surrounding the execution of the release.

Defendant contends that the release becomes material for the first time in controlling the entry of the judgment or the enforcement thereof after the verdict of the jury as in certain cases involving joint action by an employe against his employer and others. Defendant points out that an employer who has accepted the provisions of the Workmen's Compensation Act may, nevertheless, be joined with other defendants in his employe's action in trespass for the purpose of

asserting the rights of contribution among the co-defendants. In such case, the action proceeds against the joint defendants.

Where there is a joint recovery in such a case, contribution is obtainable from the employer by codefendants but is limited by the amount of the employer's liability under the Workmen's Compensation Act. The judgment is controlled by the court after verdict: Maio, Executrix, v. Fahs et al., 339 Pa. 180 (1940); McIntyre v. Strausser et al., 365 Pa. 507 (1950); Engle v. Reider, 366 Pa. 411 (1951); Shaull v. A. S. Beck New York Shoe Co., Inc., 369 Pa. 112 (1952).

Where a statutory liability is fixed upon an employer under the provisions of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS §1, it is clearly recognized in the Maio case that the accredited function of a judgment against joint defendants is to permit the employer's codefendants to obtain contribution from the employer to the extent of his liability under the Workmen's Compensation Act. It is a reasonable rule that the court, in carrying out the provisions of that act, should control these judgments so far as to give due recognition to the liability of an employer determined under that act. It was stated in the Maio case at page 192 that to hold otherwise "would be repugnant to the letter and spirit of the Workmen's Compensation Act and would frustrate" the purposes of that humane legislation.

The determination of the liability of an employer who has accepted the provisions of the Workmen's Compensation Act is sanctioned not only by the Act itself but by the extensive powers conferred upon the officials who administer the act, namely, the Bureau of Workmen's Compensation, the Workmen's Compensation Board and the referees. (See Act of July 21, 1919, P. L. 1077, 77 PS §91 et seq.) All these officials function in adjudicating cases and in

administering the provisions of the statute. The rights of the employer and employe are safeguarded by the provisions of the act and the manner in which it is administered. Both have the right to appeal to the courts from the adjudications of the Workmen's Compensation Board.

It is an efficacious rule that the court, in determining the liability for contribution among joint tortfeasors, should recognize the extent of the employer's liability fixed and determined in accordance with the provisions of the Workmen's Compensation Act. The court can, with the assurance that the rights of all parties have been protected by the act itself and by its effective administration, exercise control over its own judgments in the light of the employer's liability determined in accordance with the provisions of this act.

No sound reason has been advanced, however, why the court should extend this same practice to the situation before us in this case involving the respective rights of these parties under the Uniform Contribution Among Tortfeasors Act. Some fact-finding body must pass upon the release involved in this case and its effect upon the claims and rights of the parties to the litigation. The logical requirement is to have the jury determine the matter under proper instructions from the court unless the parties, with the permission of the court, stipulate otherwise on the record.

In our opinion, the answer in the nature of new matter is not sufficiently specific (second preliminary objection) because it does not set forth the consideration paid for the release. We think that both defendant and plaintiffs are entitled to have the amount of the consideration pleaded in the answer. Nor does the stipulation of the parties in any way cure this defect merely by stating that the amount paid was in excess of $1.

The preliminary objections in the nature of a motion for more specific answer in the new matter must be sustained. In all other respects the preliminary objections must be overruled. In view of the foregoing, we make the following

*Order*

And now, August 23, 1954, the preliminary objections in the nature of a motion for more specific answer are herewith sustained; the preliminary objections in the nature of a motion to strike off the answer are overruled; leave is granted to additional defendant to amend her answer within 20 days in accordance with this opinion.