## Long v. Thomasberger

*Samuel R. DiFrancesco*, for plaintiffs.

*Myers, Taylor & Peduzzi*, for defendant.

*Weimer, Bennett & Jones*, for additional defendant.

GRIFFITH, J., January 14, 1958.—On October 17, 1954, a collision occurred between two automobiles. In one car were Edward E. Long, the owner, a plaintiff, Margaret Long, a passenger, the other plaintiff, and Ann Long, the additional defendant, the driver and the wife of Edward E. Long. The other car was operated by Anna B. Thomasberger, original defendant. After the accident, Margaret Long, an injured plaintiff, released Edward E. Long, the other plaintiff, and Ann Long, additional defendant. Then Anna B. Thomasberger, original defendant, released Edward E. Long, a plaintiff, and Ann Long, additional defendant. Later Edward E. Long and Margaret Long brought this action against Anna B. Thomasberger, who in turn brought Ann Long, the driver of the other car, on the record as an additional defendant. Additional defendant's answer under new matter alleged the releases given by Margaret Long and Anna B. Thomasberger. Original defendant's reply admitted the releases. Thereupon, additional defendant moved for judgment on the pleadings as to her on the ground that by reason of her obtaining the releases original defendant was barred from joining additional defendant in the action.

The releases signed by Margaret Long and Anna B. Thomasberger were identical and provided as follows:

"I, Anna B. Thomasberger, do hereby release . . . Edward E. Long and Ann Long from . . . all . . . claims and demands . . . on account of . . . personal injuries and property damage resulting or to result from accident . . . on . . . the 17th day of October,

1954 . . . and do . . . covenant . . . to indemnify and save harmless from all claims and demands . . . in any way growing out of said accident or its result both to person and property."

We are satisfied that at the time the releases were given the claims of Edward E. Long and Margaret Long were within the contemplation of the parties and that, therefore, Anna B. Thomasberger's release to Ann Long would have been sufficient to bar original defendant from bringing in additional defendant if one of the plaintiffs had not also released additional defendant: Bell Tel. Co. of Pa. v. B. & O. R. R. Co., 155 Pa. Superior Ct. 286, 290; 45 Am. Jur. 694 (1957 Cum. Suppl.). The releases in this case were substantially the same as in the case of Killian v. Catanese, 375 Pa. 593, in which case original defendant released additional defendant from all claims arising out of the accident. In that case no release was given by plaintiff to additional defendant.

However, in the case of Davis v. Miller, 385 Pa. 348, original defendant released additional defendant from all claims because of the accident in "practically the same language as in the Killian case", but in that case plaintiff also released additional defendant, using language conforming to the Uniform Contribution Among Tortfeasors Act of July 19, 1951, P. L. 1130, 12 PS §2082 et seq., and the Supreme Court, in spite of the release given additional defendant by original defendant, thought that additional defendant should remain on the record for the purpose of determining the extent of original defendant's liability in view of the release given additional defendant by plaintiff. The court said it was important to determine whether additional defendant would have been liable had she not been released, because, if so, plaintiff could recover from original defendant only his pro rata share, in that case, one-half.

In the present case only one of the plaintiffs, Margaret Long, released Ann Long, additional defendant. This release was not given in the language of the Uniform Contribution Among Tortfeasors Act since it did not provide that any damages recovered by plaintiff against the other joint tortfeasor be reduced by the pro rata share which the released party would otherwise be required to pay. However, we do not believe this to be the feature by which the Davis case is distinguishable from the Killian case, for the Uniform Contribution Among Tortfeasors Act, sec. 4, provides that if plaintiff's release to one of the joint tortfeasors does not indicate the proportion by which the total claim shall be reduced, the claim against the other joint tortfeasor shall be reduced in the amount of the consideration paid for the release.

The distinguishing feature between the Killian case and the Davis case is pointed out in the Davis case, page 351: "These various considerations bring us to the controlling question in the case, one which did not appear in the Killian case because there no release had been given by plaintiff to the additional defendant."

So that, under the reasoning in the Davis case, the amount of damages which Anna B. Thomasberger may be required to pay Margaret Long is dependent to some extent at least on the determination of whether or not Ann Long was in fact a joint tortfeasor along with Anna B. Thomasberger. As to Edward E. Long, the other plaintiff, who gave no release to additional defendant, the determination of this question is not material. Anna B. Thomasberger released Ann Long and we believe the language contained in her release is broad enough to release Ann Long from Anna B. Thomasberger's right to bring Ann Long on the record as an additional defendant. Hence, Ann Long's motion for judgment should be sustained in regard to the

claim of Edward E. Long who gave no release to additional defendant. At the trial, separate verdict blanks will be submitted to the jury. On one, Edward E. Long will appear as plaintiff, Anna B. Thomasberger as defendant. On the other, Margaret Long will appear as plaintiff, Anna B. Thomasberger as defendant and Ann Long as additional defendant. In respect to the claim of Margaret Long, her release to Ann Long is competent evidence to determine what deduction is to be made because of the amount paid for the release and the possibility of a reduction of her claim against original defendant by reason of the joint negligence, if any, of additional defendant: Stroh v. Loose, 2 D. & C. 2d 157.

Thus where original defendant has released additional defendant we have these situations: (a) Where plaintiff has given no release, additional defendant may be removed from the record; (b) where plaintiff has also released additional defendant, the latter remains on the record so that original defendant may have the advantage of having the jury possibly find that the joint negligence of both original and additional defendant caused plaintiff's injuries and thus acquire whatever benefit original defendant is entitled to as a result of the provisions of the Uniform Act by reason of the release given by plaintiff to additional defendant.

While other jurisdictions which have adopted the Uniform Act hold that the payment for release by one person will reduce pro tanto the injured person's claim against another, whether or not the released person was in fact a joint tortfeasor, 106 U. of Pa. L. R. 311, the view in Maryland and Pennsylvania is that the question of the possible joint negligence of the party released by plaintiff will have to be litigated and that in such cases the released person must remain a party to the action because of the incongruity of having a

party to a case dismissed and still leaving the question of his negligence to be determined by the jury.

We, therefore, enter the following

### Decree

And now, January 14, 1958, at 3:30 p.m., after argument and upon due consideration, additional defendant's motion for judgment on the pleadings is hereby sustained in respect to the claim of Edward E. Long, plaintiff, and dismissed in respect to the claim of Margaret Long, plaintiff.