Cartmel *v.* Williams (et al., Appellant).

Argued November 9, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Charles Kirshner,* with him *Rosenberg & Kirshner,* for appellant.

*Glenn C. Jones,* for appellees.

OPINION BY MONTGOMERY, J., December 16, 1965:

This appeal by the additional defendant Eugene H. Pfrogner arises from the entry of judgments for plaintiffs against both the original and the additional defendants. The action was in trespass for damages due to personal injuries and property damage caused in a collision of automobiles occurring in the following manner. Elaine Cartmel, while driving an automobile

(jointly owned with her husband, the other plaintiff) south on State Highway Route 51 in Elizabeth Township, Allegheny County, Pennsylvania, had stopped at the intersection of Weigel's Hill Road when it was struck in the rear by an automobile being operated by Harold Kenneth Williams, the original defendant. It is the contention of the original defendant that he was stopped behind plaintiff's automobile before he was struck in the rear by the additional defendant and that it was the additional defendant who caused the accident. The verdict of the jury indicates that both defendants contributed to it.

During the course of the trial the original defendant procured a joint tortfeasors release in his favor from the plaintiffs and filed it as part of his pleading in the case, which gives rise to one of the questions now raised in this appeal, i.e., is such a release admissible into evidence? The lower court held it was not. It is appellant's contention that the release and the facts surrounding its procurement should have been admitted to enlighten the jury as to plaintiffs' bias and prejudice and render it more capable of evaluating the testimony of the plaintiffs.

Such a release is authorized by the Act of July 19, 1951, P. L. 1130, §4, 12 P.S. §2085, and this release provided that it should not be construed as an admission of liability on the part of the released party. No evidence was present in the case that in any way referred to the release and it was for this reason the learned lower court refused its admission when it was offered at the conclusion of the additional defendant's case in a general manner, the purpose of the offer being unstated. However, at the conclusion of the closing remarks of plaintiffs' counsel, Mr. Kirshner, counsel for the additional defendant, stated to the court at a side-bar conference, "Your Honor, I would like to put something on the record. In closing remarks of Plain-

tiff's counsel he indicated that in his opinion the accident was the fault of the Additional Defendant, Mr. Pfrogner. I believe that the Additional Defendant should have been allowed to introduce into evidence the Release which was executed by the Plaintiff in favor of the Original Defendant for the reason to enable the. Additional Defendant to explain away the attitude of Plaintiff.and Plaintiff's counsel."

No other objection was made about the closing remarks; nor was a motion made to withdraw a juror. It is also noted that plaintiffs' counsel corrected Mr. Kirshner as follows, "All right, sure, and I said either. one or both in the beginning, too," in referring to his argument as to the party or parties causing the accident.

There is serious doubt in our minds whether this question should be reviewed by us since no offer of proof was made at the time of the offer or following the exclusion of the release before the taking of testimony ended. Generally when no foundation for complaint is laid, it will not be considered on appeal. The mere overruling of an objection is not always sufficient, to show that a party had been harmed. *Philadelphia Record Company v. Sweet,* 124 Pa. Superior Ct. 414, 188 A. 631 (1936); *Scott v. Lindgren,* 97 Pa. Superior Ct. 483 (1929). However, inasmuch as the purpose of the offer was later expressed, to impeach plaintiffs' testimony, we shall give the matter further consideration.

The introduction of evidence is largely within the discretion of the trial judge whose judgment will not be disturbed, except for gross abuse of discretion, *Stack v. Tizer,* 204 Pa. Superior Ct. 203, 203 A. 2d 403 (1964), and ordinarily the decision of the trial judge as to how far proof of collateral issues will be permitted is conclusive, and will not be interfered with unless the power of the trial judge is manifestly abused.

148

We cannot say in this case that such power was abused. The release, being offered only to impeach the testimony of plaintiffs, if received in evidence for that limited purpose would have raised many collateral issues seriously jeopardizing plaintiffs' opportunity for a fair trial. The purpose of the Uniform Contribution Among Tortfeasors Act, aforesaid, is to encourage settlements without prejudice to the parties. In the present case the harm that would have resulted by its admission was much more than could have resulted from its rejection. This view is shared by the majority of our sister states where the question has arisen. *Steger v. Egyud,* 219 Md. 331, 149 A. 2d 762 (1959); *DeLude v. Rimek,* 351 Ill. App. 466, 115 N.E. 2d 561 (1953); *Burger v. VanSeveren,* 39 Ill. App. 2d 205, 188 N.E. 2d 373 (1963). See also 94 A.L.R. 2d 352-394. There are no appellate court opinions on the subject in Pennsylvania and the two lower court decisions, *Stroh v. Loose,* 2 Pa. D. & C. 2d 157 (C.P. Dauphin Co. 1954) and *Long v. Thomasberger,* 14 Pa. D. & C. 2d 30 (C.P. Cambria Co. 1958), cited by the defendant, are readily distinguishable and not controlling. In the first of these cases the only question properly considered by the court was the propriety of *pleading* a joint tortfeasors release; and in the second, judgment on the pleadings was the issue. The question of admitting such a release in evidence was not before the court in either case.

We conclude that there was no abuse of discretion by the lower court in refusing to admit the release in question.

Appellant also complains that he was not permitted to cross-examine plaintiff on her prior testimony given in a deposition relative to the speed or change of speed of the original defendant's car immediately prior to the collision; and that he was denied the privilege of cross-examining plaintiff's physician on statements made by wife-plaintiff to him in her history of the accident and

resulting injuries, particularly about those statements concerning the failure of the original defendant to slow down immediately prior to the accident.

In trying to secure from plaintiff evidence as to the speed of the original defendant's car prior to the collision, it appeared that the plaintiff had no opportunity to observe that car for a sufficient time or distance of travel to give her a sufficient basis for expressing an opinion of speed. She was therefore incompetent to testify on the subject. The same lack of foundation appeared in her deposition. Therefore she was equally incompetent and anything she may have said therein about the speed of the original defendant's car was incompetent. The deposition was before the court and the trial judge found and stated in his opinion, "[t]here was nothing in the deposition which would lay the foundation for impeachment." We cannot say the trial judge abused his discretion in denying cross-examination along this line. The same is true of the statement made by plaintiff to her physician. The statement of the law made by the lower court in its opinion meets with our approval: "While such an extrajudicial statement may be both substantive and of impeaching value, we do not believe that such extrajudicial statement could be introduced into evidence unless the proper foundation were laid. The mere fact that an incompetent statement may be contained in a doctor's report does not of itself make such a statement admissible." Unless it is shown that plaintiff was in a position to observe the car, she would not be qualified to testify as to the speed, and not having so testified, there was nothing to impeach in her testimony on the subject. Had the statement in her deposition or in her history given her doctor shown that she was in a position to judge the speed of the car the situation would be different, but that is not what the appellant is seeking to refute.

Judgments affirmed.