## Grota v. LaBoccetta

*Harry Lore* and *Dorfman, Pechner, Sacks & Dorfman,* for plaintiff.

*Francis E. Shields,* for defendant.

GOLD, P. J., April 10, 1967.—This appeal arises at the instance of defendants from this court's order discharging their rule for leave to file an amended answer to plaintiff's complaint in trespass and amended motion for a protective order for allowance of counsel fees and expenses.

On August 31, 1960, plaintiff instituted a complaint in trespass against defendants alleging medical malpractice while being treated at Philadelphia General Hospital for injuries sustained while on duty as a Philadelphia police officer.

Plaintiff obtained service on defendants LaBoccetta, Bockman, Bott, Kaplan and Weiner, but was unable to serve Douglas Enoch within this Commonwealth. Plaintiff instituted a separate suit against Enoch in Federal District Court in Minnesota. On April 27, 1964, a settlement agreement was entered into between plaintiff and Enoch. When the agreement came to defendants' attention, a petition was filed for leave to plead the settlement agreement. It is plaintiff's contention that the agreement cannot be construed as a release. On January 19, 1965, this court ordered that the oral deposition of Arnold E. Kempe, plaintiff's Minnesota attorney, be taken to de-

termine the status of the settlement agreement. Defendants' counsel then filed a protective order for allowance of counsel fees and expenses.

A careful reading of the deposition of Arnold E. Kempe, Esq., and the settlement agreement (see exhibit A of defendants' brief) establishes to this court's satifaction that the agreement between Douglas Enoch and plaintiff Grota is not a release, but an agreement limiting the liability between plaintiff and defendant to $5,000, similar to a joint tortfeasor release. As stated on page 2 of the agreement:

"This settlement constitutes a present binding agreement between these parties with the respective obligations of the parties as above set forth being merely postponed until the disposition of the above described actions between Grota and defendants not involved in this settlement".

To allow this settlement agreement to be pleaded would be highly prejudicial to plaintiff and inadmissible at the trial of the case: see Cartmel v. Williams, 207 Pa. Superior Ct. 144 (1965).

Rule 4008 of the Pennsylvania Rules of Civil Procedure states:

"If a deposition is to be taken by oral examination more than 100 miles from the courthouse, the court, upon motion, may make an order requiring the payment of reasonable expenses including attorney's fees, as the court shall deem proper".

However, the imposition of such fees and expenses is a matter of wide discretion for the court: Davis v. Pennzoil Co., 38 D. & C. 2d 289 (1965). There, the court stated:

"The fact that a nonresident plaintiff has chosen this forum is not the ultimate determinative of whether or not he must appear for a deposition at his own expense. In reaching an equitable result, the nature of the case, the importance of the deposition, the

financial status of the parties, . . . the importance of cross-examination by home counsel and the difficulty of briefing correspondent counsel must all be considered": pages 291-92.

In the instant case, the depositions were scheduled by plaintiff and counsel for the nonresident defendant is asking for reimbursement of expenses. The depositions were held in Minnesota, thus also making plaintiff a nonresident. As stated in the "guidelines" of Davis, supra, the party who chooses the forum is not necessarily determinative of who shall bear the costs of the reasonable expenses.

Counsel for plaintiff referred the matter of the taking of depositions to counsel in Minnesota. Counsel for defendants chose to attend the depositions personally, admitting on page 8 of his brief that the deposition was of no benefit to defendant and that his presence was required because there were difficult and subtle questions concerning plaintiff's counsel's inquiry into the interpretation of the written agreement and an intimate knowledge of prior proceedings was necessary if crossexamination was to be effective. With these contentions this court cannot agree. Defendant Enoch was represented by the same insurance carrier in St. Paul, Minnesota, as defendants in Philadelphia. An attorney for the insurance carrier in Minnesota could just as easily have taken the depositions and, in fact, would probably have been more familiar with the ramifications of an alleged release under Minnesota law. To say that a Minnesota attorney representing the same insurance carrier would be reluctant to engage in crossexamination of opposing attorney from the same bar is of no merit.

It was plaintiff's counsel who originally wanted the depositions of Kempe taken by written interrogatories, which defendants' counsel refused to agree to and filed a motion for a protective order that said de-

positions be taken orally. The motion came before this court and was granted. Defendants' counsel cannot now be heard to complain of expenses and costs incurred because of the granting of his own motion.

Accordingly, defendants' rule for leave to file an amended answer to plaintiff's complaint in trespass and motion for a protective order for allowance of counsel fees and expenses are hereby dismissed.