Patrick F. Dalton Company *v.* Trans-American Freight Lines, Inc., Appellant.

Argued March 18, 1971. Before Wright, P. J., Watkins, Montgomery, Jacobs, Spaulding, and Cercone, JJ. (Hoffman, J., absent).

*William F. Zinger,* with him *Alexander Brodsky,* and *Brodsky, Brodsky and Brodsky,* for appellant.

*Gerald P. Ginley,* with him *O'Halloran, Stack & Smith,* for appellee.

OPINION BY CERCONE, J., June 22, 1971:

The plaintiff-appellee, the Patrick F. Dalton Company, (hereinafter referred to as Dalton) a Philadelphia printing company, brought suit in assumpsit in the Court of Common Pleas of Philadelphia County, against the defendant-appellant, Trans-American Freight Lines, Inc. (hereinafter referred to as Trans-American), an interstate carrier with general offices in Detroit and a local office in Philadelphia. Dalton sought recovery for damages to a secondhand "one-eight station Maceymatic collator", a complex piece of machinery sold to Dalton by the J. Farley Company (hereinafter referred to as Farley), of Detroit, and shipped aboard one of Trans-American's vehicles to Philadelphia.[1] When Dalton uncrated the machine, it was found to be in a mangled and useless shape.

---

[1] A circular advertising the product and included among the records submitted to this court sheds no appreciable light on the particular objective of this equipment except to indicate that it is a wondrous piece of technology (whatever it does) : "The Maceymatic is fast, errorless, offers such features as missing-sheet de-

Thereafter, Dalton sought recovery from Trans-American, since the carrier had agreed by contract to safely transport the machine between Detroit and Philadelphia. Liability was denied by Trans-American and suit was commenced in Philadelphia. Under the federal law which governs this area of interstate shipping, Dalton had to show, as part of its proof at trial, that the machine was delivered to the carrier in good condition. *Missouri P.R. Co. v. Elmore and Stahl*, 377 U.S. 134, 84 S. Ct. 1142, 12 L. Ed. 2d 194 (1964), rehearing denied 377 U.S. 984, 84 S. Ct. 1880 12 L. Ed. 2d 752 (1964).

In order to prove that the machine was delivered to the carrier in good condition, Dalton sought to have a representative of Farley, in Detroit, answer interrogatories concerning the condition of the collator when shipped. The deposition of any witness may be admitted into evidence if, at the time of trial, such witness is outside of the Commonwealth. See Pennsylvania Rule of Civil Procedure 4020(a)(3)(b). The plaintiff presented a motion to the Court of Common Pleas of Philadelphia County for the issuance of a commission to a court in Michigan to have interrogatories answered. George Crain, an executive of the Farley Company was named as the party to whom the interrogatories were to be directed. In this motion Dalton stated that, it had engaged Detroit counsel to assist in obtaining the desired testimony. Defendant, Trans-American, was served with a copy of the motion, the Philadelphia court's order issuing the commission, and a list of the interrogatories.

On September 11, 1969, in Detroit, Mr. George Crain was called before the Wayne County Circuit

---

tectors, air-blast sheet separation, and telescoping-sucker vacuum feed. Operating speed is a rate of 2600 cycles per hour (20,800 sheets per hour). Hopper capacity is 6, etc. . . ." Happily, the function of this gadget is of no relevance to this appeal.

Court to testify pursuant to the commission directed by the Pennsylvania Court. Mr. Crain was sworn and a court reporter was present. For some reason, the Michigan judge had the plaintiff's attorney direct the questions to Mr. Crain, instead of doing so himself.

At trial back in Pennsylvania, Dalton sought to introduce the transcript of the Michigan proceeding. Trans-American unsuccessfully objected to the introduction of this evidence. At the end of all of the evidence, the trial judge, sitting without a jury, rendered judgment for Dalton for the full market value of the collator, $1,295.00, plus interest. From this verdict Trans-American appeals, assigning as error the introduction of testimony taken in the Michigan proceedings.

The appellant argues that the court below erred in admitting into evidence the transcript of the Michigan proceedings because it amounted to an oral deposition and not the interrogatory procedure which appellant had expected it to be. Trans-American points out that plaintiff's Detroit counsel departed from the exact language of the written interrogatories in questioning the witness and argues that this changed the proceedings to an oral deposition hearing. It is claimed that there was a denial of "due process" because the plaintiff had not given notice that an oral deposition would be taken and that, therefore, Trans-American was denied its right to be present and to cross-examine the deponent. Considering the particular facts of this case and in light of all the surrounding circumstances, we find that the learned trial judge did not commit reversible error in admitting the evidence in question.

Several factors lead to this conclusion. First, a comparison between the written interrogatories (of which Trans-American had notice and to which no objection was raised) and the questions asked orally by plain-

tiff's Detroit counsel, reveals little difference in content. In fact, most of the oral questions were posed in the exact language of the written interrogatories, and on the whole, did not go beyond the scope of the written interrogatories. Considering the broad discretion of the trial judge in Pennsylvania in evidentiary matters (see *Cartmel v. Williams*, 207 Pa. Superior Ct. 144, 215 A. 2d 282 (1965)), and considering that we find no fundamental unfairness or prejudice in the procedure employed, we cannot say that the admission of the transcript in question was a breach of that discretion.

Furthermore, both Pennsylvania and Michigan have adopted the Uniform Foreign Deposition Act, which provides that when the courts of one state ask the courts of a second state to assist in the taking of a deposition in the second state the rules of procedure employed will be those of the court in the second state. Cf. Act of May 5, 1921, P. L. 374, 28 P.S. §31 (preserved from suspension by Rule 4023(5) of the Penna. Rules of Civil Procedure) and Michigan Compiled Laws Annotated §600, 1852 (P.A. 1961, 236, §1852, added by Pennsylvania 1967, §1, Eff. November 2, 1967) and comments thereto. In the instant situation, the Michigan judge who accepted the commission from Pennsylvania chose to employ the procedure of having counsel pose the questions to Mr. Crain instead of reading them himself to the witness. It is our belief that under the above statutes, the procedure so employed in Michigan must be honored by our courts in this situation.

Under the circumstances in the instant case, the lower court did not commit reversible error in admitting the transcript of the Michigan proceedings into evidence at trial.

Affirmed.