# Munkkonen, Appellant, v. Trevaskis.

*Practice Supreme Court—Assignments of error—Rules of court —Supreme Court Rule No. 28.*

1. An assignment of error that "the court erred in ruling that the plaintiff was not a competent witness in his own behalf," will not be considered, because it violates Rule 28, requiring the specification to quote the questions and offers, together with the rulings of the court thereon, and with a reference to the page of the paper book where the matter may be found.

*Practice C. P.—Evidence—Offer—Appeals.*

2. Where in the trial of a case it is desired to take advantage of the ruling of the court excluding the testimony of a witness, it is necessary that an offer be made to show what is intended to be proven by the witness, so that the record shall show what evidence was excluded. In the absence of such offer or questions which would disclose the evidence the witness was expected to give, there is nothing upon the record upon which the appellate court can act, notwithstanding there may have been a general understanding that the witness's competency was denied by the court except as to one fact.

Argued October 22, 1912. Appeal, No. 104, Oct. T., 1912, by plaintiff, from judgment of C. P. Allegheny Co., Third T., 1907, No. 515, on verdict for defendant in case of Joseph Munkkonen v. John Trevaskis. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for criminal conversation.

The opinion of the Supreme Court states the case.

*Error assigned* was the action of the court in excluding the testimony of the plaintiff.

*William Henry Colvin,* with him *Benner & Patterson* and *William A. Wilson,* for appellants.

*Stewart M. Cunningham,* with him *Ralph P. Tannehill,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 6, 1913:

This was an action brought by the plaintiff to recover damages which he alleges he sustained by reason of illicit relations between his wife and the defendant. On the trial of the cause the plaintiff was called and sworn as a witness in his own behalf. Before he testified, the defendant's counsel objected generally to his testimony on the ground that he was incompetent because he was the plaintiff in the case and the gist of the action was the wife's adultery. The learned court below held that he was "not a competent witness in this case to testify upon any subject, except the subject of marriage," and he, therefore, sustained the objection and gave an exception to the plaintiff. The plaintiff's counsel then proceeded to examine their client and interrogated him as to his then present residence, whether he was a married man, when and where he was married and to whom. This closed the plaintiff's examination in chief, and there was no cross-examination.

The plaintiff took this appeal and the only error assigned is that "the court erred in ruling that the plaintiff was not a competent witness in his own behalf." This assignment is obviously insufficient and cannot be sustained.

Rule 28 of this court provides as follows: "When the error assigned is to the admission or rejection of evidence,......the specification must quote the questions or offers, the ruling of the court thereon, and the evidence admitted or rejected,......together with a reference to the page of the paper book or appendix where the matter may be found in its regular order in the printed evidence or notes of trial." It is apparent that the assignment in this case is in total disregard of this rule of court and, therefore, raises no question which we can consider.

There is another reason why the assignment will not sustain a reversal of the judgment. We have quoted the ruling of the learned judge in excluding the testimony

of the witness. Prior to the ruling of the court, there was no offer made by the plaintiff's counsel as to what they intended to prove by their client, nor does their subsequent examination of him, after the ruling of the court, disclose an intention to prove anything beyond what they interrogated him about. There is, therefore, nothing on the record to show that the witness was not permitted to testify as fully as was desired by his counsel. If they wished to prove anything by him beyond what his examination discloses, they should have made a formal offer or interrogated him further and obtained the ruling of the court. In the absence of such action on their part, we cannot assume that they intended to extend their examination of the witness beyond what he testified to. There is, therefore, no basis for the allegation in the assignment that the court ruled "the plaintiff was not a competent witness in his own behalf" to the extent to which his counsel desired to examine him. We must take the record as we find it, and are permitted to review only such matters as are properly brought before us.

The judgment is affirmed.