## Granowitz, Appellant, *v.* Erie Redevelopment Authority.

Argued October 8, 1968. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*John M. Wolford,* with him *T. P. Dunn,* and *Dunn,
Wolford & Sesler,* for appellant.

*John M. Quinn,* with him *Quinn, Plate, Gent, Bu-
seck & Leemhuis,* for appellee.

OPINION BY MR. JUSTICE EAGEN, November 12, 1968:
Jacob Granowitz, the appellant, was the owner of
improved real estate, which was totally condemned on

August 19, 1966, by the Redevelopment Authority of Erie, the city where the real estate was located. The Board of Viewers awarded damages in the sum of $120,000. Granowitz appealed to the Common Pleas Court and, after trial, a jury awarded damages in the amount of $132,000. Following denial of a motion for a new trial and entry of judgment on the verdict, he appealed to this Court.

The only asserted assignment of error is that the court below erred in refusing to admit evidence at trial of the amount of an offer made to purchase the premises "in 1962, 1963 or 1964." Granowitz does not here, nor did he in his motion for a new trial below, maintain that the jury's award was inadequate. Under such circumstances, *Rankin v. McCurry*, 402 Pa. 494, 166 A. 2d 536 (1961) is controlling.

In *Rankin,* supra, at 494, 495, we said: "The appellants alleged significant errors in the charge concerning the issue of damages, but they did not demonstrate or even attempt to demonstrate that their recovery was adversely affected by the alleged errors . . . .

"It is well-settled that error in the abstract is not sufficient to warrant a retrial. Siegfried v. Lehigh Valley Transit Co., 334 Pa. 346, 349, 6 A. 2d 97 (1939). A verdict winner complaining of trial errors to secure a new trial must convince the trial court that the verdict in his favor did not cure the errors and that the errors produced an unjust result."

Judgment affirmed.

Mr. Justice ROBERTS concurs in the result.

Mr. Justice MUSMANNO did not participate in the decision of this case.