435 Pa. 344 (1969)
Community Housing Services, Inc., Appellant,
v.
Pittsburgh Urban Redevelopment Authority.
Supreme Court of Pennsylvania.
Argued March 18, 1969.
May 9, 1969.
*345 *346 Before BELL, C.J., JONES, COHEN, O'BRIEN, ROBERTS and POMEROY, JJ.
Leonard M. Mendelson, with him William S. Hays, for appellant.
Richard W. Kelly, for appellee.
OPINION BY MR. JUSTICE COHEN, May 9, 1969:
Community Housing Services, Inc. (appellant) was the owner of property condemned by the Urban Redevelopment Authority of the City of Pittsburgh. The Board of Viewers awarded appellant $16,200, and it appealed. The jury awarded appellant $14,000. Appellant has appealed to this Court.
In its "Statement of Question Involved" appellant phrases the question as follows: "Did the trial Court committed [sic] error in refusing to permit appellant's real estate expert to testify as to sales of comparable property which were made to appellee and which he *347 considered in reaching his opinion of the fair market value of appellant's property?"
In its "History of the Case" appellant notes that it moved for a new trial in the court below on three grounds: (1) the question noted above, (2) error by the lower court in another ruling on evidence and (3) the inadequacy of the verdict.
In its "Summary of Argument" and "Argument" appellant deals solely with single question set forth in its "Statement of Question Involved." The only mention of any other issue is contained at the end of its argument where the following paragraph appears: "It is evident that the application of the exclusionary rule was in a large part responsible for the totally inadequate verdict in this case. The prices paid by appellee for similar properties would have had a substantial influence on the jury in reaching their verdict."
Finally, the printed record in this appeal contains only the docket entries, a colloquy between the court below and counsel regarding the exclusion of the testimony referred to in the "Statement of Question Involved" and the opinion of the court below.
We believe this case is governed by Granowitz v. Erie Redevelopment Authority, 432 Pa. 243, 247 A. 2d 623 (1968). There we held a verdict winner who complains of trial errors must convince the court that the errors were not cured by the verdict in its favor and that the errors produced an unjust result. While here, unlike Granowitz, appellant did complain of the inadequacy of the verdict in its motion for a new trial in the court below, it did not demonstrate that the verdict was inadequate or how the errors contributed to the inadequacy. Appellant has not even raised the inadequacy of the verdict as an issue in its "Statement of Question Involved" or in its "Argument."
*348 The record furnished on appeal does not provide us with the testimony necessary for a proper evaluation of the verdict. All we have is the assertion that the Board of Viewers awarded $16,200 and the jury awarded $14,000. This, standing alone as it does, does not provide us with sufficient facts to make a determination that the verdict was inadequate. Hence, any decision on our part on the question raised would be purely advisory.
Judgment affirmed.
Mr. Justice EAGEN took no part in the consideration or decision of this case.
CONCURRING OPINION BY MR. JUSTICE POMEROY:
Appellant was the owner of property condemned by the Urban Redevelopment Authority of Pittsburgh. Following a hearing the Board of Viewers awarded appellant $16,200.00, and appeal was taken. At trial the lower court excluded appellant's testimony as to other allegedly comparable sales made by various sellers to the condemnor. The jury returned a verdict for the appellant in the sum of $14,000. Appellant's motion for new trial on the grounds that the trial court had erred in excluding the evidence of comparable sales and that the resultant verdict was inadequate was refused by the court en banc. This appeal followed.
Appellant here strenuously urges, as it did below, the admissibility of evidence as to sales of comparable properties to the Authority and asserts that the exclusion of such evidence "was in large part responsible for the totally inadequate verdict in this case." (Appellant's brief, page 18.) I do not think that appellant has to "demonstrate that the verdict was inadequate"; rather he must show (1) that the evidence if admitted might have resulted in a larger verdict, and (2) that the evidence of allegedly comparable sales to the condemnor *349 was improperly excluded. While it would have been better practice for appellant here to have made a clear offer of proof in order to show that the excluded evidence, if believed, might have raised the verdict, and to have been more explicit in this regard in the statement of question involved, this position is surely implicit in the coupling, in the new trial motion and in the argument on this appeal, of the claim of wrongful exclusion with the claim of inadequacy of verdict. I do not believe, moreover, that Granowitz v. Erie Redevelopment Authority, 432 Pa. 243, 247 A. 2d 623 (1968) is controlling. In Granowitz, the jury awarded the condemnee $12,000 more than had the Board of Viewers, and the court specifically found that the appellant had not contended, either in his motion for a new trial or on appeal, that the jury verdict was inadequate.
Finally on this phase, we are not asked to evaluate the verdict or to determine whether or not it is inadequate. The parts of the record submitted are, in my view, quite adequate for consideration of the narrow legal question raised on the appeal, viz., did the trial court err in refusing to permit testimony as to sales of comparable property to the condemnor? This can be answered without indulging in an advisory opinion. Giving the appellant the benefit of any doubts with reference to the raising of the question of inadequacy, I nevertheless think the question as to admissibility was correctly decided below.
Sales to a condemnor of properties which it could, and if necessary would, acquire by condemnation are not, in my judgment, sales on the open market between a willing seller and a willing buyer. They involve an ingredient of compulsion on the part of the seller that might make the "sales price" too low; there may be an ingredient of anxiety for speedy acquisition or some *350 other factor operating in the mind of the authority which would place the "sales price" on the high side of fair market value. The fact is that the parties are not only buying and selling real estate; they are also settling a potential lawsuit, with all the elements of time, trouble, expense, and worry that would be involved. The properties may indeed be comparable, but for one reason or another the transactions may not be, and the so-called "sales price" may be higher or lower than if no condemnation were involved. To admit such testimony would be to invite side excursions into all the other related factors; such collateral matters would unduly complicate and delay the trial. For these and the other reasons contained in the opinion of the lower court, I see no reason to depart from the so-called "exclusionary rule", which has long been the law in Pennsylvania, and represents the majority view in the United States. See Nichols on Eminent Domain (3d Ed., 1967), §§ 21-33; Snitzer, Pennsylvania Eminent Domain (1965), § 705 (1)-2.11.
Mr. Justice JONES and Mr. Justice O'BRIEN join in this concurring opinion.
DISSENTING OPINION BY MR. JUSTICE ROBERTS:
I believe that the court below erred in refusing to admit evidence of sales of comparable property to appellee and I believe that appellant has adequately raised that issue on this appeal, and hence I dissent.
Initially I believe that the rule set out in Granowitz is unsound.[1] Mr. Justice COHEN'S opinion, following *351 Granowitz, holds that appellant "did not demonstrate that the verdict was inadequate or how the errors contributed to the inadequacy." Yet it is perfectly plain that appellant has objected to the refusal of the court below to receive relevant evidence, and is now claiming that had it had this evidence before it, the jury might have awarded appellant more damages. This is all a party is ever required to do. Indeed, what more could appellant have done? It seems to me that according to the reasoning in Mr. Justice COHEN'S opinion, appellant was required to psychoanalyze the jury in order to show that the jurors would have awarded appellant more money if they had heard all its evidence. I would sympathize with appellant if, after having been victimized by this type of argument, it now felt that it had been put out of court by the Mad Hatter.
I am somewhat confused by Mr. Justice COHEN'S closing argument that "the record furnished on appeal does not provide us with the testimony necessary for a proper evaluation of the verdict. . . . Hence, any decision on our part on the question raised would be purely advisory." In my view, once we decide the "question raised," our job is done. We should then remand the case so that a new trial may be held during which appellant will be allowed to introduce its evidence. Certainly Mr. Justice COHEN'S opinion cannot mean that if we admitted the evidence, we would then be obligated to construct our own damage award. I believe that appellant was not allowed to utilize relevant evidence, and this entitles it to a new trial; we need make no determination as to whether this verdict was insufficient in the abstract.
On the merits, the court below held that the evidence in question was inadmissible since it was evidence of condemnation sales. I agree that there may be justification for a rule which prevents the condemnor *352 from introducing evidence of comparable condemnation sales, since otherwise the condemning authority could then in effect use one of its own enforced low sales prices to drive down the price in all comparable condemnations. But I agree with the United States Court of Appeals for the District of Columbia Circuit which stated in Nash v. D.C. Redevelopment Land Agency, 395 F. 2d 571, 572 n.6 (1967): "The reasons which disable a condemnor from putting in evidence of purchases it has made in settlement of condemnation suits have no application to a landowner who offers such evidence himself." As more fully articulated in Judge McGOWAN'S statement on the denial of rehearing, id. at 574, 576: "How it [the condemnor] can be said to be under any significant compulsion to pay more for property than it is worth eludes me. I can understand why a condemnee might still insist that the government's unilateral estimate of value should not come in against his objection, but if he wishes to put it in, I cannot detect any element of coercion or compulsion that should invariably keep it from the jury's consideration."[2] I agree completely with that position, and nothing further need be said.
Mr. Chief Justice BELL joins in this dissent.
NOTES
[1] I concurred in the result in Granowitz because I believed that appellant's claim of error in the court below was not meritorious, not because I thought he had not adequately raised the question on appeal. At the most, I believe the decision in Granowitz should be confined to the facts of that case.
[2] I do not necessarily agree with Judge McGOWAN'S suggestion that perhaps it would be necessary for the condemnee to preliminarily qualify his evidence "by showing that the government is free of compulsion." I believe that it would probably be unwise, in light of the rather infrequent number of situations where this will be the case, to require condemnees to always prove a negative  government noncompulsion. If the condemnor believes that its other sales were coerced, there is no reason why the jury should not simply be allowed to consider its evidence on that score.