Commonwealth of Pennsylvania, Department of Transportation, Appellant, *v.* Arthur R. Lutz, Appellee.

Argued June 5, 1974, before President Judge Bow-
MAN and Judges KRAMER, WILKINSON, JR., MENCER,
ROGERS and BLATT. Judge CRUMLISH, JR. did not par-
ticipate.

*William D. Miller,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*Christian S. Erb, Jr.,* with him *Metzger, Wickersham, Knauss & Erb,* for appellee.

OPINION BY JUDGE WILKINSON, July 25, 1974:

This is an eminent domain case commenced by the filing of a declaration of taking by the Department of Transportation, condemnor-appellant, condemning over 53 acres of condemnee-appellee's 117-acre tract, rectangular in shape, in Londonderry Township, Dauphin County. The condemnation was for the purposes of constructing a limited access east-west highway known as Traffic Route 283 across the south end of condemnee-appellee's property, and of relocating L. R. 22016, a north-south highway, through the middle of the property. Condemnee-appellee's remaining 63 acres are divided into four parcels, each separated from the others by various ramps and the intersecting highways. One of the parcels, consisting of 4.753 acres is completely landlocked, whereas the other parcels have access to each other via L. R. 22072 and old L. R. 22016.

The Board of View filed a report awarding damages of $54,000.00 and condemnor-appellant appealed the award to the Court of Common Pleas of Dauphin County. At the conclusion of the jury trial, a verdict of $73,600.00 was returned. The condemnor-appellant filed a motion for a new trial which was denied by the lower court and upon entry of judgment, this appeal followed.

Initially, we must note that "a motion for a new trial is addressed to the discretion of the trial court based upon the circumstances of the particular case, and the lower court's action in granting or refusing such a motion will not be reversed in the absence of a manifest abuse of discretion or a clear error of law."

*Arndt v. Central Cambria School District,* 7 Pa. Commonwealth Ct. 150, 153, 298 A. 2d 682, 684 (1972). The condemnor-appellant has presented a number of reasons as to why the lower court allegedly abused its discretion or committed errors of law in refusing to grant a new trial. Upon a review of these arguments and upon a careful review of the record, however, we cannot agree with the position of condemnor-appellant and, therefore, we must affirm the lower court.

It has been condemnor-appellant's position throughout these proceedings that although 53.810 acres were taken, condemnee-appellee's remaining land (used prior to condemnation for agricultural purposes) has been specially enhanced in value because of increases in property values due to the construction of Traffic Route 283 and the relocation of L. R. 22016. Condemnor-appellant argues that the trial court erroneously instructed the jury concerning these special benefits.

That portion of the trial court's charge deemed erroneous by the condemnor-appellant is as follows: "Your further consideration is whatever that highway produces in enhancement of the value of the property in the vicinity; and you will first consider whether the enhancement of the property, *generally,* is in the entire neighborhood, or the neighborhood. If you make such a conclusion you do *not* give further consideration to *special benefits,* because the benefit is to the neighborhood, if at all, and not particularly to this property. On the other hand, if you think the existence of Route 283, and the interchange will *specially benefit* the Lutz property, then the question is to what extent and how much, because if you do feel that it *specially benefits,* you will have to take into consideration that factor as effecting the total damages to which the plaintiff might be entitled. What type, what benefit, if any, will result to the Lutz property as distinguished from the neighborhood property." (Emphasis added.) The charge

closely parallels Section 606 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P. L. 84, 26 P.S. §1-606, which states:

"Effect of condemnation use on after value

"In determining the fair market value of the remaining property after a partial taking, consideration shall be given to the use to which the property condemned is to be put and the damages or benefits specially affecting the remaining property due to its proximity to the improvement for which the property was taken. Future damages and *general benefits which will affect the entire community beyond the properties directly abutting the property taken shall not be considered in arriving at the after value.* Special benefits to the remaining property shall in no event exceed the total damages except in such cases where the condemnor is authorized under existing law, to make special assessments for benefits."

The comment of the Joint State Government Commission concerning Section 606 is particularly relevant: "It is also the purpose of this section to provide, in accordance with existing law, that *general benefits and damages which accrue to the community as a whole are not to be considered in arriving at the after value. Only special, particular and direct benefits and damages to the remaining property may be considered in arriving at the after value.* The special benefits may not exceed the amount of damages to which the condemnee is entitled; in other words, the condemnor cannot obtain a judgment against the condemnee on the basis that the special benefits exceed the damages." A careful reading of the charge reveals that the trial judge did not state, as condemnor-appellant claims, that special benefits must be negated unless the jury finds that the condemnee-appellee's property is the only property benefited. Rather, the charge is consistent with the Joint State Government Commission's comment that

"general benefits ... which accrue to the community as a whole are not to be considered in arriving at the after value."

Condemnor-appellant claims that the charge was inadequate and vague. We disagree. "The correctness and adequacy of a court's charge to a jury must be determined by a consideration of the entire charge and not just excerpts therefrom." *Felix v. Baldwin-Whitehall School District*, 5 Pa. Commonwealth Ct. 183, 187, 289 A. 2d 788, 790 (1972). A review of the entire charge indicates that the charge concerning special benefits was adequate; in fact, it includes an accurate, almost verbatim, statement of Section 606 of the Eminent Domain Code.

Condemnor-appellant also contends that the lower court improperly excluded evidence of certain traffic counts. We have reviewed the record and conclude that the lower court properly excluded testimony of 1968 and 1970 traffic counts over similar highways in other parts of the Commonwealth. Such testimony was irrelevant and would only have created secondary issues which would have confused the jury.

The last issue raised by the condemnor-appellant is that the lower court improperly allowed into evidence certain testimony which was irrelevant and prejudicial to condemnor-appellant. We need only comment on the testimony of an inquiry concerning the property six years prior to condemnation. Condemnee-appellee testified that in 1963, an oil company representative expressed an interest in purchasing some of his land for a service station. We recognize that offers the condemnee receives in the open market prior to the condemnation are inadmissible, *Saunders v. Commonwealth*, 345 Pa. 423, 29 A. 2d 62 (1942), but here no sums of money or figures were mentioned by the condemnee-appellee. Furthermore, the exclusion here of testimony that an offer had been made would have been

prejudicial to condemnee-appellee, such testimony being highly relevant to rebut the condemnor-appellant's argument that only after the construction and relocation of the highways did the property become attractive to investors.

Affirmed.