Fred N. Gallo and Flora Gallo, Appellants, *v.* Redevelopment Authority of the City of Sharon, Appellee.

Argued February 7, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., and MENCER, sitting as a panel of three.

*Henry E. Sewinsky,* with him *Rodgers, Marks & Perfilio,* for appellants.

*Bernard Goldstone,* with him *Routman, Moore, Goldstone & Valentino,* for appellee.

OPINION BY JUDGE MENCER, May 14, 1975:

The Redevelopment Authority of the City of Sharon, on May 23, 1973, condemned in fee simple real estate owned by Fred N. Gallo and Flora M. Gallo (condemnees). A board of viewers was appointed and it awarded damages in the sum of $20,000. Condemnees appealed to the Court of Common Pleas of Mercer County, and after trial a jury awarded damages for the property condemned, in the amount of $18,500. Following denial of a motion for a new trial and entry of judgment on the verdict, condemnees filed a timely appeal to this Court.

Our scope of review is limited in an appeal from a denial of a motion for a new trial. A motion for a new trial is addressed to the discretion of the trial court, based on the circumstances of the particular case, and the court's action in granting or refusing such a motion will not be reversed in the absence of a manifest abuse of discretion or a clear error of law. *Felix v. Baldwin-Whitehall School District,* 5 Pa. Commonwealth Ct. 183, 289 A. 2d 788 (1972).

Condemnees' motion for a new trial asserted that the court below erred in striking Fred N. Gallo's opinion as to the fair market value of the condemned property and in refusing to allow him to state his opinion as to the fair market value of the property. On appeal here, condemnees state the questions presented to be (1) whether

a property owner may base his opinion of fair market value upon statements made to him by his qualified appraiser and (2) whether a property owner may state an opinion as to the fair market value of his property when he has owned it, has made improvements to it, and has lived next to it for 20 years, without basing his opinion upon reproduction costs, the income approach, or comparable sales.[1]

The condemnees do not, in this appeal or in their motion for a new trial below, maintain that the jury's award was inadequate. Under such circumstances, *Granowitz v. Erie Redevelopment Authority*, 432 Pa. 243, 247 A. 2d 623 (1968), which was followed in *Sevich v. Commonwealth*, 434 Pa. 68, 252 A. 2d 644 (1969), is controlling and dispositive of the matter.

The condemnees did not demonstrate, or even attempt to demonstrate, that their recovery was adversely affected by the alleged errors. *See Department of Transportation v. Meadville Cooperative Association*, 13 Pa. Commonwealth Ct. 451, 320 A. 2d 848 (1974). It is well settled that error in the abstract is not sufficient to warrant a retrial. *Siegfried v. Lehigh Valley Transit Company*, 334 Pa. 346, 6 A. 2d 97 (1939).

In *Granowitz v. Erie Redevelopment Authority, supra* at 245, 247 A. 2d at 624, it was held, relying on *Rankin v. McCurry*, 402 Pa. 494, 166 A. 2d 536 (1961), as follows:

> " 'A verdict winner complaining of trial errors to secure a new trial must convince the trial court that

---

1. An owner has an absolute right to testify to market value which is an item that is always relevant in an eminent domain proceeding. Section 704 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P. L. 84, *as amended*, 26 P.S. §1-704 (Supp. 1974-75). His testimony of market value is admissible, but without supporting and relevant reasons for his opinion a jury is unlikely to give his opinion much, if any, weight in reaching its determination of just compensation.

the verdict in his favor did not cure the errors and that the errors produced an unjust result.' "

Since condemnees, the verdict winners in the court below, have failed to demonstrate, or even undertake to demonstrate, how the purported errors were not cured by the verdict in their favor or how they produced an unjust result, we are compelled to affirm.[2]

Judgment affirmed.

---

2. Although condemnees' expert valuation witness testified to a value of $29,000, the jury returned a verdict of $18,500, which persuasively indicates that the striking of Fred N. Gallo's testimony that the fair market value of the condemned property was $32,000 did not result in an unjust verdict.