In Rem Proceedings. In Re: Premises Commonly Known as Lot No. 26, Section 36, of the Official Survey of the City of New Castle, County of Lawrence, Commonwealth of Pennsylvania, Alex J. Grinn and Mary A. Grinn, his wife, their heirs and assigns, Appellants *v.* Redevelopment Authority of the City of New Castle, Appellee.

Argued May 7, 1981, before Judges MENCER, MAC-PHAIL and PALLADINO, sitting as a panel of three.

*James M. Keller, Keller, Pomerico, Leymarie & Clark, P.C.,* for appellant.

*Edward A. Gamble, Gamble, Verterano, Mojock & Green,* for appellee.

OPINION BY JUDGE MENCER, July 20, 1981:

The Redevelopment Authority of the City of New Castle (Authority), on June 24, 1977, condemned real estate owned by Mary A. Grinn (condemnee), together with her husband, Alex J. Grinn.[1] A board of viewers

---

[1] After a declaration of taking had been filed but prior to a hearing before the board of viewers, Alex J. Grinn died and thereafter Mary A. Grinn proceeded in this litigation as the surviving condemnee.

was appointed, and it awarded damages in the sum of $16,700 plus the sum of $500 for attorney's and appraiser's fees and $927.80 for moving expenses. Condemnee appealed to the Court of Common Pleas of Lawrence County and, after trial, a jury awarded damages for the property condemned, in the amount of $14,700 plus $500 for attorney's and appraiser's fees. Following denial of a motion for a new trial, condemnee filed a timely appeal to this Court.

Our scope of review is limited in an appeal from a denial of a motion for a new trial. A motion for a new trial is addressed to the discretion of the trial court, and the court's action in granting or refusing such a motion will not be reversed in the absence of a manifest abuse of discretion or a clear error of law. *Felix v. Baldwin-Whitehall School District,* 5 Pa. Commonwealth Ct. 183, 289 A.2d 788 (1972).

Condemnee's motion for a new trial asserted that the most crucial error by the court below was its allowing testimony into evidence by the Authority as to the purchase price of condemnee's property approximately 11 years before the date of the condemnation. Also, condemnee asserted that the court below erred in refusing to allow into evidence, as a comparable, the price paid by the Authority for property in the vicinity of the condemnee's property.

On appeal here, condemnee states the questions presented to be (1) whether an expert may use, as comparables, the prices paid by a redevelopment authority for similar property in close proximity to the condemned property and (2) whether the business of a downtown flea market qualifies for displaced business damages.

The condemnee does not, in this appeal or in her motion for a new trial below, maintain that the jury's award was inadequate. Under such circumstances,

*Granowitz v. Erie Redevelopment Authority,* 432 Pa. 243, 247 A.2d 623 (1968), which was followed in *Sevich v. Commonwealth,* 434 Pa. 68, 252 A.2d 644 (1969), is controlling here.

The condemnee did not demonstrate, or even attempt to demonstrate, that her recovery was adversely affected by the alleged errors. *See Department of Transportation v. Meadville Cooperative Association,* 13 Pa. Commonwealth Ct. 451, 320 A.2d 848 (1974). It is well settled that error in the abstract is not sufficient to warrant a retrial. *Siegfried v. Lehigh Valley Transit Co.,* 334 Pa. 346, 6 A.2d 97 (1939).

In *Granowitz v. Erie Redevelopment Authority,* 432 Pa. at 245, 247 A.2d at 624, it was held, relying on *Rankin v. McCurry,* 402 Pa. 494, 166 A.2d 536 (1961), as follows: " 'A verdict winner complaining of trial errors to secure a new trial must convince the trial court that the verdict in his favor did not cure the errors and that the errors produced an unjust result.' "

Since the condemnee, the verdict winner in the court below, has failed to demonstrate, or even undertake to demonstrate, how the purported errors were not cured by the verdict in her favor or how they produced an unjust result, we are compelled to affirm. *See Gallo v. Redevelopment Authority of Sharon,* 19 Pa. Commonwealth Ct. 71, 339 A.2d 165 (1975).

Order affirmed.

## ORDER

AND Now, this 20th day of July, 1981, the order of the Court of Common Pleas of Lawrence County, dated May 5, 1980, refusing Mary A. Grinn's motion for a new trial, is hereby affirmed.